## WELLS v BROWN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1383. Decided June 13, 1936

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

Baggott & Baggott, Dayton, and Baver & Doan, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Montgomery County, Ohio. The parties will be referred to as they appeared in the trial court, inverse to their order here.

On August 24, 1934, the plaintiff, Edna M. Brown, filed her petition in the Common Pleas Court against the Ohio Transfer and Draying Company, 15 North Montgomery, Dayton, Ohio, for damages by reason of personal injuries claimed to have been sustained through the negligence of the defendant. Summons was issued on the same day, directing the sheriff of Montgomery County to notify the Ohio Transfer and Draying Company, 15 North Montgomery, Dayton, Ohio, that it had been sued by Edna M. Brown. The following appears as the return of the sheriff as to service of summons:

"Received this writ on the 25th day of August, A.D. 1934, and on the 27th day of August, A.D. 1934 I served the same on Ohio Transfer and Draying Company by handing a true copy thereof, personally to Claude Wells, as president of said company.
Eugene F. Frick, Sheriff,
By Chris Van Schaik, Deputy."

The petition in the first paragraph thereof contains the following allegation:

"Comes now the plaintiff and represents to the court that the Ohio Transfer and Draying Company, defendant herein, is a corporation duly organized under, and existing by value of the laws of the State of Ohio, engaged in the transfer and draying business in and around Montgomery County, Ohio; * * *"

No answer or other pleading was filed to the petition, nor did defendant enter any appearance.

On December 29, 1934, plaintiff filed motion for default judgment and on the same day default judgment was entered, as per the following entry:

"December 29, 1934. This day this cause came on to be heard upon the petition of the plaintiff, and motion for judgment by default, whereupon the court finds that defendant was duly served by service of summons in the within cause and that he is in default for answer or demurrer, and therefore, that the facts alleged in the petition are thereby confessed by him to be true. The court further finds that the defendant was twice ruled to plead, and a copy of such rule was mailed to counsel for defendant as required by the rules of this court.

The court therefore finds that a jury should be impaneled for the purpose of assessing damages in accordance with law. APPROVED: William M. White, Judge."

On March 29, 1935, counsel for plaintiff filed motion to amend plaintiff's petition. The same day, by entry duly journalized, motion for leave to amend was allowed and on same day amended petition was filed. No notice was served on defendant as to the above motion.

The amended petition is in substantially the same language as the original petition except as to the caption and the first paragraph thereof.

The caption was changed so as to read as follows:

"Claude Wells, doing business as Ohio Transfer Company, 15 North Montgomery, Dayton, Ohio,
Defendant."

The first paragraph of the petition as amended reads as follows:

"Comes now the plaintiff and represents to the court that the defendant herein, Claude Wells, is doing business as the Ohio Transfer Company, with his office and principal place of business at 15 North Montgomery St., Dayton, Ohio."

From the transcript of docket and journal entries it also appears that on this

same day, to-wit, March 29, 1935, the jury was impaneled and sworn and returned verdict for plaintiff in the sum of $1500.00.

Two days later, or April 1, 1935, counsel for Claude Wells, doing business as Ohio Transfer Company, appearing only for the purpose of questioning the jurisdiction of the court, moved for an order vacating the default judgment on the ground that the court had no jurisdiction of the defendant, Wells, for the claimed reason that no service of summons was ever made upon Wells and no amendment of the petition made naming him as party defendant until after the judgment was entered against him. The motion also set out that no change was made in the caption or body of the petition until the day that the case was submitted to the jury to assess damages and that no new summons was issued on the amended petition or any notice whatever given to Claude Wells of the change.

The further claim was made in the motion that Wells had a valid defense to the cause of action in that the plaintiff was guilty of contributory negligence, that the defendant was not negligent and that plaintiff sustained no injury.

On May 22, 1935, the motion was overruled, the court determining that as a matter of law the question set out in the motion could not properly be raised by motion but should be raised by a petition to vacate and set aside the default judgment.

June 10, 1935, Claude Wells filed petition to vacate the default judgment, and summons was issued thereon. The plaintiff joined issue by filing answer.

On November 4, 1935, upon hearing, the petition to vacate was dismissed, the finding and order of the court being journalized on the same day. Clerical error was corrected on November 6.

On November 7, 1935, counsel for Claude Wells filed motion for new trial, and also on the same day filed motion for a separate finding of law and facts. Both motions were overruled on December 3, 1935.

Final judgment on verdict was entered December 5, 1935.

The petition in error filed in this court sets out three specifications of error, as follows:

1. The court erred in overruling the motion for new trial.
2. The judgment of the court is contrary to law and against the manifest weight of the evidence.

3. The court erred in refusing the written request of the plaintiff in error for a separate finding of law and fact.

These specifications of error are very general and all inclusive.

It shall not be our purpose to follow the specifications of error, but, rather, to set forth the controverted issues in more specific terms:

1

Did the court have jurisdiction to render judgment against the plaintiff in error, Claude Wells, in view of the fact that the original petition was brought against Ohio Transfer and Draying Company, 15 North Montgomery, Dayton, Ohio, alleged to be a corporation, and the return of service of summons being made personally on Claude Wells, as president of said company?

There is a substantial controversy as to whether or not the service of summons was made personally on Claude Wells, but we will consider that question later under a different heading.

On the question presented under the above heading we will accept the question of service as returned by the Deputy Sheriff, that is, that Claude Wells was served personally, as President of said company. It is our conclusion that the case of Maloney v Callahan, 127 Oh St 387, is determinative. Syllabus 4 reads as follows:

"4. Where summons is duly served on the real party in interest, who is the one actually intended to be sued, even under a wrong or inaccurate appellation, he must take timely advantage of the error by appropriate plea. If he fails to do so, he will be deemed to have waived the defect and will be concluded by the judgment rendered against him."

Syllabus 5 reads as follows:
"5. Under the liberal provisions of §11363, GC, a court in the exercise of its judicial discretion has the power to permit the amendment of a petition by changing a name therein from that of a corporation originally designated as defendant to that of an individual doing business in such corporate name, to correspond with the facts. Thus, allowing an amendment changing 'The W. A. Maloney Company, an Ohio Corporation,' etc., to 'W. A. Maloney, doing business as The W. A. Maloney Com-

pany,' is permissible."

Counsel for plaintiff in error urge that the Maloney case, supra, is to be distinguished from the instant case in the following particulars:

In the Maloney case, supra, the sheriff made his return of summons as follows:

"I served the same on the within named W. A. Maloney Company, right name W. A. Maloney, there being no company, by handing a true copy and certified copy thereof with all the endorsements thereon to W. A. Maloney personally."

We are unable to concur in this conclusion of counsel. Syllabi 4 and 5, above quoted, being the law of the case, do not in any sense predicate the announcement of law on the form of return of the sheriff, except that in the reported case, as in the instant case, the service was made personally.

Of course, personal service or at residence of an individual defendant is requisite to a default judgment. Corporations may be served by service on the proper officer of the corporation, or if no proper officer found in county then at its place of business.

As we read the opinion of Judge Zimmerman in the Maloney case, we find nothing supporting the claim that the instant case is to be distinguished from the reported case. Under the evidence presented in the instant case, it conclusively appears that Claude Wells was doing business at 15 North Montgomery, Dayton, Ohio, under the name of Ohio Transfer and Draying Company; that such company was neither a corporation nor a partnership, but only a name under which an individual conducted the business. When copy of summons was served upon him, following the announcement in the Maloney case, he was adequately advised that he was being sued. He says he received it on the following day and immediately notified the insurance company.

21 R.C.L., page 1325, is cited and we quote the text:

"Weight of authority is that if the writ is served on the party intended to be sued, and he fails to appear and plead in abatement; and suffers a judgment to be obtained by default, he is concluded, and in all future litigation may be connected with the suit, or judgment by proper averment. So long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment as much entitled to its benefits to all intents and purposes, as if the defendant had been sued by his right name."

2

Was the finding of the court that the service of summons was made personally on Claude Wells against the manifest weight of the evidence?

On this question we have examined all the evidence presented through the bill of exceptions. Three witnesses were interrogated on this issue.

Mr. Wells, in his testimony, positively stated that the summons was not handed to him personally, but, on the contrary, was handed to him by a Mr. Carl Neher on the day following its purported service.

Mr. Neher was called as a witness and corroborated Mr. Wells, and further stated that the Deputy Sheriff left the summons with him in the office of Mr. Wells, during Mr. Wells' absence, and that he, Neher, handed it to him on the day following when he came into the office.

The Deputy Sheriff, with equal positiveness, testified that he was personally acquainted with Mr. Wells and that the summons was handed to him personally. The return made by the Deputy Sheriff is corroborative of his testimony.

This is purely a factual question, and under the well recognized rule this court from the cold type will not disturb the finding of the trial court who heard and saw the witnesses giving the testimony before him.

3

Did the court err in refusing the written request of the plaintiff in error for a separate finding of law and fact?

Sec 11470 GC reads as follows:

"Sec 11470 GC. Findings, when court tries case.—When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless. with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

It is stated that the trial court refused the request because it was not timely made.

From the transcript of the docket and

journal entries, it does not appear that the final entry dismissing defendant's petition to vacate the default judgment was filed prior to the time of making the request for separate findings of law and fact.

The case of **Strauss v Friedman et 2 Oh Ap, 11,** is cited in support of contention of counsel for Wells. This was a decision by a divided court, Swing, J., dissenting. The first syllabus of the case reads as follows:

"1. It is mandatory upon a trial judge to make, when so requested, a special finding of fact separately from the conclusions of law, and his refusal so to do constitutes prejudicial error."

It appears from the statement in the reported case that a jury was waived and the cause submitted to the court. In the reported case the trial court did not base his refusal on the ground that the request was not made timely, but on another ground.

It might be that the instant case, if necessary, could be distinguished from the reported case by reason of the fact that the reported case was a jury case, whereas the questions raised in the instant case were not jury questions. Under the provisions of the Ohio Code times for filing final entry are not the same. In a jury case a final entry may not be filed until after the expiration of the time for filing motion for new trial, whereas in all other cases the final entry may precede the date of the filing of motion for new trial. Our court has fully discussed this question in two cases, same being reported in The Ohio Bar Association Report, under date of March 9, 1936, the first case **In re Guardianship of Gausepohl, 51 Oh Ap,, 261, (20 Abs 39),** and the second, **Neth, Executor v Neth, 51 Oh Ap, 267, (20 Abs 42).**

It is obvious that there must be some limitation of time after which request for separate finding on questions of law and fact may not be made. It may be that request made after filing of final entry is not timely. However, we do not find it necessary to make a definite determination of this question.

The case of **Oxford Tp. v Columbia, 38 Oh St, 87,** is directly in point, and determinative of this question in the instant case. The first syllabus reads as follows:

"1. Where a party requests that the court state separately the conclusions of

law and fact under the civil code, * * * and the request is not complied with, a judgment against such party should be reversed, unless it appear from the record that he was not prejudiced by the refusal."

Chief Justice Okey, delivering the opinion of the court, at page 94, refers to this claimed ground of error, and then answers the same as follows:

"But we are of opinion that it is shown that there was no such prejudice as to call for a reversal on that ground. The record contains all the testimony offered on the trial, and objection is made that the judgment below is opposed to the weight of the evidence. In deciding the case, therefore, we necessarily ascertain the facts."

We have exactly that situation present in the instant case. This ground of error is overruled on the authority of Oxford Tp. v Columbia, supra.

Finding no prejudicial error, the judgment of the trial court will be sustained and the petition in error dismissed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.