**POLANER, etc., Plaintiff, v. GOLD MEDAL GRILL, INC., etc. et., Defendants.**

Common Pleas Court, Franklin County.

No. 182975. Decided July 2, 1951.

John C. Duffy, Edward F. Lynch, Columbus, for plaintiff. Alfred Henney, Columbus, for defendant.

## OPINION

By REYNOLDS, J.

In this action plaintiff is seeking a mandatory injunction to compel by mandatory injunction the performance of the terms of a contracct entered into between the Hotel, Restaurant Employees and Bartenders Union Local No. 505, A. F. L. and Frank Kutak, owner of Gold Medal Grill.

On September 5, 1950, the contract was entered into by the terms of which Kutak agreed among other things, that for one year beginning on September 5, 1950 and running until September 4, 1951, that it would hire and retain in its employ only members in good standing in the local union, and that in the event non-union members were employed that they would become members within fifteen days from the time of employment.

The contract further provided that it was to be binding upon any successor or assignee of the parties.

At the time the contract was entered into, the Gold Medal Grill was owned by Frank Kutak, who in May of this year sold the business to Gold Medal Grill, Inc., a corporation, which corporation proceeded to discharge the union employees and hire non-union ones.

There is no question but that the contract was a valid and binding agreement enforceable against either of the parties thereto, and the only thing which the court has to decide, is whether the successor or assignee of the original owner of the business is bound by the terms thereof.

The union members who were in the employ of Kutak at the time the contract was entered into had and have an interest therein as it was made in part at least for their benefit and by their representatives and care was taken to provide that it should be binding not only on the parties to the contract but also their successors and assigns.

The purchaser of the business knew of the contract with the union and must be regarded as having taken over the business subject to the contract terms and conditions.

The court can see no reason why the courts should not enforce such a contract as against the assignee of the business involved, the same as it would in case there had been a breach by one of the original parties thereto.

Much criticism has been directed against the use of injunctions against labor organizations and there is no doubt but that this weapon has been unfairly used at times, and trespassed upon constitutional rights, although it is fairly well established that injunctions now may only be granted to prevent unlawful acts or unfair labor practices.

We now have a situation, which in the past has indeed been rare, where a labor organization appeals to a court of equity to enforce its contractual rights and where, as the court finds, here those rights have been violated, they should be protected where feasible and possible.

The plaintiff is to be commended for appealing to this branch of the government for the protection and enforcement of contractual rights through peaceable and legal means, and where the plaintiff's rights have been established, equity must support them. It is therefore ordered that defendant be ordered to abide by the terms of the contract and is enjoined from the violation of its expressed terms.