JOURNEYMEN BARBERS, HAIRDRESSERS & PROPRIETORS INTERNATIONAL UNION OF AMERICA, LOCAL No. 129, PLAINTIFF, *v.* ECTOR, DEFENDANT.

Common Pleas Court, Cuyahoga County.

No. 791993.

*Mr. Benjamin Reich*, for plaintiff.
*Mr. Moses H. Dixon*, for defendant.

FRIEDMAN, J.   This cause came on for hearing on the 17th day of March, 1963, upon the Amended Petition of the plaintiff, the Answer of the defendant and the evidence, and upon consideration the Court submits its findings of fact separate and apart from its conclusions of law.

The petition of plaintiff sets forth the following allegations:

That on February 11, 1963, plaintiff and defendant executed a written contract in which in substance the defendant, as owner of a barbershop, agreed to the following terms and conditions:

1. The maintenance of established minimum price rates for haircuts and relating tonsorial services.

2. Agreement to refrain from extending rebates, refunds, etc., as to the established price for said services.

3. Agreement to abide by the opening and closing hours of defendant's establishment, as set forth in the contract.

4. Provisions for contributing and participation by the defendant in the plaintiff's Health & Welfare Fund.

Plaintiff alleges that subsequent to the execution of this agreement, and particularly from December 1, 1963 to the present date, the defendant did violate the agreement in that he established a discount operation of his barbershop; that the defendant did set up a rebate promotion, violated the closing hours and failed to contribute to the Health & Welfare Fund as provided for and consequently seeks relief as prayed for.

In his Answer defendant admits the execution and terms and conditions of the contract as alleged.   The defendant however contends that he is no longer bound by said contract by reason of the fact that prior to the occurrence of the violations alleged, he had closed operation of said barbershop and stored the equipment.   That subsequent thereto he sold said equip-

ment to his wife who opened a barbershop operation at a new location and that the defendant has no interest therein.

## Findings of Fact

From the evidence adduced before the Court, it is found from the admissions and testimony the following facts:

That plaintiff is an organized unincorporated labor association composed of approximately 1100 Journeymen barbers, hairdressers and cosmetologists and numbering among its membership both proprietors and working employees.

That the defendant is a duly licensed barber and had operated a union barbershop on West 117th Street, Cleveland, Ohio, for about eight months, at which location and during the course of his operation defendant signed the agreement with plaintiff

That the defendant was fully aware of the terms and the conditions of the agreement as to prices, discounts, hours and Health & Welfare but felt that they did not apply to a successor operator, namely, his wife Jule Ector.

That during the course of this agreement the defendant upon closing operation of his shop at the location of West 117th Street, Cleveland, Ohio, because the operation *was not profitable*, sold his equipment to his wife for a consideration of $250.00, duly executed the Bill of Sale to her and assisted her in opening up a barbershop at 8901 Detroit Avenue, Cleveland, Ohio in a building which defendant rented on a year-to-year basis with an option to purchase and the defendant, in turn, leased a store front to his wife for $50.00 a month for the operation of her barbershop.

The evidence further discloses that defendant prepared and executed the application for a barbershop permit from the state to be issued in the name of his wife; that the defendant assisted her in setting up the operation so as to conform with all necessary requirements; that he met with the public officials as to the inspection of the premises prior to the issuance of the various permits required.

In his testimony the defendant stated that he at no time ever discussed with his wife his relationship with plaintiff union nor the contents of the contract that he had signed; that he has been assisting her at all times in the operation, acting in the capacity of a part-time barber and supervising at times for which he is paid weekly wages,

The evidence is undisputed that the defendant's wife has had no prior experience or training in the operation of a business in barbering; that she is the mother of a child of tender years and has stated specifically that the only way this can be conducted on a profitable basis is to do the very things prohibited by the agreement, namely, give haircuts at discount prices and keep hours later than provided for in the union contract, which she has been doing.

## Decision of the Court

As stated, the plaintiff seeks two separate and distinct remedies. One is to have the Court declare the legal rights and status of the contract referred to and the second is to grant injunctive relief against further violations.

The remedy of declaratory action arises under Section 2721.02 of the Revised Code of Ohio, which provides as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Our Courts have consistently held that a declaratory judgment is to be exercised within the sound discretion of the Court, where the action is within the spirit of the declaratory judgment act and where a real justiciable controversy exists between the parties and speedy relief is necessary to the preservation of rights which otherwise may be impaired or lost.

*Am. Life* v. *Jones*, 152 Ohio St., 287; *Radaszewski* v. *Keating, Extrx.*, 141 Ohio St., 489, 49 N. E. (2d), 167; *Schaefer* v. *First Nat. Bank*, 134 Ohio St., 511, 18 N. E. (2d), 262.

In the case of *Duskill* v. *City of Cincinnati*, 66 Ohio App., 372, 34 N. E. (2d), 241, the Court stated:

"Declaratory Judgment can be rendered only in cases where there is a *real* dispute between the adverse parties in a matter which presents a justiciable issue."

It is the opinion of this Court based on the section of the statute referred to, and the Court's interpretation thereof, the remedy sought in the instant case for declaratory judgment is not a proper remedy in light of the pleadings and evidence

where the defendant recognizes the legality of contract and its terms, raises no dispute pertaining thereto, but claims that it is no longer applicable to him since he is no longer in the barbering business.

We now therefore come to a consideration as to whether or not the plaintiff is entitled to injunctive relief as prayed for.

A Union or Guild may contract on behalf of its employees. *Levarenz* v. *Cleveland Home Brewing Corp.*, 24 O. NP n. s., 193, 33 Ohio Jurisprudence (2d), Labor, Section 25.

It also has been generally held that a contract of a labor union is to be accorded the same liberality as is given to all other agreements in order to accomplish their evident purpose, 31 American Jurisprudence, 469, Labor, Section 101.

A Union has the right and power to make agreements with companies and individuals covering terms of conditions of employment and health and welfare, 33 Ohio Jurisprudence (2d), Labor, Section 26, page 139.

A labor union has a property right in its contract and where the party with whom it has contracted to employ only Union members, and the contract contained a provision that it was to be binding on successors and assigns, and where the party sold its business to an assignee, such contract will be enforced as against the said assignee in a suit for mandatory injunction at the instance of the union:

*Polaner* v. *Gold Medal Grill, Inc.* (C. P.), 52 Ohio Opinions, 282, 67 Ohio Law Abs., 274, 117 N. E. (2d), 62.

It is defendant's contention though recognizing the agreement in question as a valid contract that since he sold his barbershop business and equipment on or about November 1, 1963, he no longer is obligated to perform the conditions imposed by the contract executed as of February 11, 1963, and that such sale constituted sufficient justification to terminate the contractual relationship between plaintiff and defendant.

As stated, contracts are binding obligations and must be enforced. This Court cannot close its eyes to the realities of the facts and proper inferences drawn from the facts.

It has been held that a conveyance from a wife to her husband, or vice versa, will be looked upon with suspicion if made at a time of actual or threatened insolvency, 25 Ohio Jurisprudence (2d), Husband and Wife, page 460.

In considering the validity of a conveyance or transfer by one spouse to the other, the rights of creditors of the transferor must be considered and the law applicable to fraudulent conveyances and to the preference of creditors applied. 28 Ohio Jurisprudence (2d) (Husband and Wife) Section 86. *Allen v. Toth* (App. Court), 22 Ohio Law Abs., 475.

It is equally true that this Court must look with suspicion when the facts as herein disclosed show the defendant, who after entering into a valid contract with plaintiff for reasons of his own, no matter how meritorious they may be, finds that it would be more beneficial to him to endeavor to abandon the contract. He thereby closes his place of business, finds a new location, sells the equipment to his wife and establishes a new place of operation in the name of his wife and renders all assistance to her in the operation thereof.

Husband and wife are permitted to contract with each other and if their contracts are honestly made they are entitled to the same protection as are contracts among strangers. *Allen v. Toth* (App. Court), 22 Ohio Law Abs., 475.

Based upon the facts as presented in this particular matter, it is not essential to determine the question as to whether or not a successor and assign is bound by the terms of the agreement although the law as previously cited indicates that it is so. *In this particular case the Court is compelled to conclude from the facts in the case that the defendant during the course of a binding contract between plaintiff and the defendant decided to abandon same and adopted a concerted plan with his wife as a subterfuge to establish an operation in the name of his wife for the purposes of avoiding the obligations and conditions contained in the contract which he executed with plaintiff.*

Binding agreements and their fulfillment are the very essence of society. A Court of equity cannot and will not permit a breach of obligations where it is clearly shown that the plaintiff has no adequate remedy at law. Since this contract in question was based upon a year-to-year operation, and since there was no formal notice of any termination during the existence of said contract and at the time of the violation, it is the order of this Court that the relief sought for by plaintiff in its second cause of action is hereby granted as against the defendant.

It is furthermore ordered by this Court, based upon its

equity powers, since the findings of this Court is that defendant's wife has been a participant in the conduct and action of the said defendant in the violation of the terms and conditions of the contract, and that the present operation by the wife is merely a continuation of defendant's business, that she be and hereby is enjoined from violating the terms and conditions of the aforestated contract, and the relief sought for in plaintiff's petition is hereby also granted as against Jule Ector, the defendant's wife.