LEAGUE FOR THE PRESERVATION OF CIVIL RIGHTS AND INTERNAL TRANQUILITY v CINCINNATI (City) et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5676. Decided Feb. 19, 1940.

John W. Driskill, Cincinnati, for plaintiff-appellee.

John D. Ellis, city solicitor, and Nathan Solinger, assistant city solicitor, Cincinnati, for defendants-appellants.

SHERICK, PJ., LEMERT & MONTGOMERY, JJ. (5th Dist.), sitting by designation.

**OPINION**

By MONTGOMERY, J.

Plaintiff filed its action in the Common Pleas Court asking for a declaratory judgment of that court holding unconstitutional and void an ordinance of the city of Cincinnati, which ordinance reads as follows:

"Whenever the City Manager ascertains, or receives satisfactory information, that there is an instrument or device used for the purpose of gambling, kept for such purpose in the city of Cincinnati, he shall forthwith issue an order to the chief of police to cause said instrument or device to be seized, and when so seized to be destroyed by burning or otherwise."

A demurrer was filed to this petition by the defendants, which was overruled, and, the defendants not desiring to plead further, final judgment was entered by the trial court, holding the ordinance unconstitutional and void. From that judgment an appeal was perfected to this court on a question of law.

The right to a declaratory judgment is fixed by §12102-2 GC, which is in the following language:

"Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ·ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

There is no allegation in the petition to the effect that the status or other legal relations of the plaintiff are affected by the Municipal ordinance in question. There is no allegation in the petition to the effect that the plaintiff is the owner of or interested in "any instrument or device used for the purpose of gambling, kept for such purpose in the city of Cincinnati." While the case was pending in the Common Pleas Court leave was obtained to amend the petition by inserting at the conclusion of the first paragraph the following: "Plaintiff states that it is the owner and in possession of personal property located in the city of Cincinnati, Hamilton County, Ohio." This amendment does not appear actually to have been made and, even if it were made, it still

would not be tantamount to alleging ownership of an instrument or device used for the purpose of gambling.

Whether or not the corporate name of this plaintiff was selected with an idea of humor, or whether it was intended that the corporation should pursue the role of Don Quixote, we are not advised.

Borchard, in his work on Declaratory Judgments, page 40, says:

"The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or advantages—and the threat to his position must be actual and genuine and not merely possible or remote."

The trial court might well have refused to take cognizance of this action, but it seems to have disregarded this proposition and determined the case upon the question of the constitutionality of the ordinance, holding the same void. We ·will proceed to a discussion of that proposition.

The courts of the country have not been in accord. Counsel on both sides have argued the proposition rather elaborately and the text-books contain many paragraphs of discussion of ·the proposition and a citation of authorities pro and con.

In 11 American Jurisprudence, Section 306, it is stated:

"All general principles relating to the presumptions of validity surrounding legislation and the duty of the courts to uphold legislative action if possible apply with particular emphasis to the exercise of the police power. The constitutionality of such measures is presumed, and it must also be presumed that the legislature has carefully investigated and determined that the interests of the public require such legislation, for the courts are reluctant to attribute a want of good faith in the exercise of the power. Moreover, it is their duty to sustain police measures unless such are clearly, plainly, and palpably in violation of the Constitution. It is not enough that the

case is a doubtful one; the act must be so clearly unreasonable that the court can say that no fair minded man can think it reasonable."

In Section 307 of this same volume, discussing municipal ordinances, we find the following:

"In instances where the state Constitution grants home-rule powers of police to municipalities or in instances in which the police power has been delegated by the legislature to a municipal corporation, the same general principles which govern the reasonableness of state police enactments have application, and the courts may inquire under the same rules into the reasonableness of the police measures enacted by the municipality."

It is to be noted that the petition in the instant case avers that the city of Cincinnati passed this ordinance pursuant to its corporate authority and **Art. 18, §3 of the Constitution of Ohio,** and duly enacted the ordinance.

For a lengthy discussion of the proposition of the right to summary destruction of articles used for illegal purposes we direct attention to 12 American Jurisprudence, Section 678, and 24 American Jurisprudence, Section 57. The purport of these discussions is to the effect that articles used for gambling or other illegal purposes, although harmless in themselves, may become nuisances by being put to an illegal use, and in such cases fall within the ban of the law and may be summarily destroyed.

The leading case—and counsel on both sides have discussed it in some detail—is that of Lawton v Steele, 152 United States, page 132. The second branch of the syllabus of that case is:

"The police power of a state extends to everything essential to the public safety, health, morals, and justifies the destruction or abatement, by summary proceedings, of whatever may be regarded as a public nuisance."

On page 140 of the opinion the court states:

"While the legislature has no right arbitrarily to declare that to be a nuisance which is clearly not so, a good deal must be left to its discretion in that regard, and if the object to be accomplished is conducive to the public interests, it may exercise a large liberty of choice in the means employed."

The Supreme Court of the United States in this opinon comments upon the fact that such action was permitted under the common law and that it was never supposed that a constitutional provision was intended to interfere with this established principle. It advances the further proposition that summary disposition of property illegally used is particularly justified when the property is of trifling value. It restates the proposition that:

"Many articles, such, for instance, as cards, dice, and other articles used for gambling purposes, are perfectly harmless in themselves, but may become nuisances by being put to an illegal use, and in such cases fall within the ban of the law and may be summarily destroyed."

Finally, it advances the proposition that, if it shall appear that one's property was unjustly confiscated and destroyed, he has his right of action at law against the one responsible.

This case was followed by the Supreme Court of the State of Ohio in the case of **State v French, 71 Oh St 186.** These two cases involved fishing nets. Certainly, they are of themselves no more illegal than devices specifically designated as "used for the purpose of gambling, kept for such purpose."

Because of the discussion of the general principles involved, we refer to the cases of **Williams et v Sandles, 93 Oh St 92,** and **Williams et v Scudder et, 102 Oh St 305.**

The judgment of the trial court will be, and it is, reversed, and the petition dismissed.

LEMERT, J., concurs.

SHERICK, PJ., concurs in the judgment, for the reason that, under the averments of the petition, the plaintiff does not show any right to maintain the action, but does not concur in the further conclusions of the majority.