**DRISKILL v CINCINNATI (City) et**

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 22, 1940

John A. Thorburn, Cincinnati; John W. Driskill, Cincinnati, and Milton B. Schott, Cincinnati, for appellee.

John D. Ellis, city solicitor, Cincinnati, and Nathan Solinger, Cincinnati, for appellant.

WASHBURN, PJ., DOYLE and STEVENS, JJ. (9th Dist.), sitting by designation.

## OPINION

By DOYLE, J.

John W. Driskill, the appellee, filed in the Court of Common Pleas of Hamilton County a petition which prayed for a declaratory judgment under §12102-2 GC.

He alleged that he "is the owner and/or lessee of valuable personal property, instruments and devices which could be used for the purpose of gambling and might be kept for such purpose in the city of Cincinnati, including four telephone instruments * * * a buzzer and automatic connection therewith, and three radio sets, all of which personal property is owned, used and operated in the city of Cincinnati, Ohio, for plaintiff's business and pleasure.

"Defendant the city of Cincinnati is a municipal corporation under the laws of the state of Ohio.

"Defendant the Cincinnati & Suburban Bell Telephone Co. is an Ohio corporation doing business in the city of Cincinnati and state of Ohio, and the owner and/or lessor of the telephone instruments and equipment referred to herein.

"Plaintiff states the city of Cincinnati, allegedly pursuant to its corporate authority and Art. XVIII, §3, of the Constitution of Ohio, by its regularly elected and qualified council, has duly enacted an ordinance, being number 576 of the code of ordinances of the city of Cincinnati, reading as follows:

" 'Whenever the city manager ascertains, or receives satisfactory information. that there is any instrument or device used for the purpose of gambling, kept for such purpose in the city of Cincinnati, he shall forthwith issue an order to the chief of police to cause said instrument or device to be seized, and when so seized to be destroyed by burning or otherwise.'

"Plaintiff states that §576 of the code of ordinances of the city of Cincinnati is involved in the following respects: * * *

"Plaintiff states his rights, status and legal relations are affected by §576 of the code of ordinances of the city of Cincinnati, Ohio.

"Wherefore, plaintiff prays for a judgment declaring §576 of the code of ordinances of the city of Cincinnati, Ohio, * * * null and void, and for such other relief as may be proper or necessary." (Emphasis ours).

The two named defendants filed demurrers to the petition. The city of Cincinnati demurred on the ground that the petition "does not state facts which constitute a cause of action." The telephone company demurred for the same reason, and, in addition thereto, on other grounds.

The judgment of the court on the demurrers is recorded in the following language:

"This cause having come on for hearing on demurrers of the defendants to the petition, and the court being fully advised in the premises, the said demurrers are hereby overruled.

"The demurrers to the petition herein having been overruled and the defendants not desiring to plead further, it is hereby ordered, adjudged and decreed that §576 of the code of ordinances of the city of Cincinnati, Hamilton County, Ohio, reading as follows: * * * is unconstitutional, null and void."

The defendant, the city of Cincinnati, has brought into this court for review this judgment, by the procedure of an appeal on questions of law.

While the determination of the constitutionality or unconstitutionality of the ordinance is of academic interest to the members of this court, there must first be considered in this appeal the right of the plaintiff to such a determination under his petition.

The statute granting the right to a declaratory judgment is §12102-2 GC, and is in the following language:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

This statute is available only to those who have an "actual controversy." Persons are not entitled to litigate questions which may never affect them to their disadvantage. This for the reason that "Were the controversy not genuine or ripe for judicial decision, with a plaintiff and [a] defendant having actually or potentially opposing interests, with a res or other legal interest definitely affected by the judgment rendered and the judgment a final determination of the issue, it would fail to present a justiciable dispute—not because it seeks a declaratory judgment, but because it lacks the elements essential to invoke any judgment from judicial courts." Borchard's Declaratory Judgments, pp. 35-36.

The petition in the instant case is deficient in that it fails to plead any facts which would give rise to a "right-duty" relation between the parties which is in dispute and which thereby places the plaintiff in a position of peril or insecurity. The petition merely pleads the ownership or possession of certain instruments and devices which "could" be used for gambling and which "might" be kept for such purpose.

On this subject the Supreme Court has said in a recent case that a declaratory judgment is available "in all those cases in which there is a **real controversy** between adverse parties in a matter that is justiciable and the court, in the exercise of a sound discretion, finds that speedy relief is necessary to the preservation of **rights** which might otherwise be impaired or lost " (Emphasis ours). **Schaefer v First National Bank, 134 Oh St 511, a p. 518, 18 N. E. (2d) 263.**

Likewise, the Court of Appeals of the Fifth Appellate District, when sitting by assignment in the First Appellate District, quoted with approval, as this court also does, the following language of Borchard's Declaratory Judgments, p. 40: "The danger or dilemma of the plaintiff must be **present,** not contingent on the happening of **hypothetical future events** —although it may involve future benefits or disadvantages—and the threat to his position must be **actual** and **genuine** and not merely **possible** or **remote."** (Emphasis ours). **League for Preservation of Civil Rights & Internal Tranquility, Inc. v City of Cincinnati, 64 Oh Ap 195, at p. 197, 28 N. E. (2d) 660.**

For the foregoing reasons, this court is of the opinion that the petition falls far short of containing sufficient allegations essential to the rendition of a declaratory judgment. There was not presented to the trial court a justiciable question; the demurrers should have been sustained in the trial court.

Judgment reversed, and final judgment dismissing the petition of plaintiff.

Judgment reversed.

WASHBURN, PJ. & STEVENS, J, concur.