JOURNAL ENTRY and OPINION
{¶ 1} Because of his bipolar disorder, plaintiff Bruce Marks currently collects disability benefits from defendants Provident Life Insurance Company and Paul Revere Life Insurance Company, respectively. Marks filed a declaratory judgment action seeking, among other things, a declaration of his right to continue receiving disability benefits and, perhaps more importantly to him, a declaration that neither he nor his doctors were required to submit additional medical information to the insurers in order to justify continued payment of benefits under the disability policy. The court granted summary judgment to the insurers finding that Marks' request asked for inappropriate opinions on abstract or premature legal questions.
 {¶ 2} Most of the underlying facts are undisputed. Marks has been diagnosed and treated for bipolar disorder since 1987. In May 2002, his employer, Morgan Stanley Dean Witter, terminated his employment. He made a claim under the two different disability policies cited above.
 {¶ 3} The Provident policy provides for $4,000 in monthly disability payments until the age of 55 based on Marks' inability to "perform the duties of your occupation." Thereafter, benefits would continue until the age of 65 only if Marks is unable to perform any job. Page 6 of the policy expressly provides that Provident "at its own expense shall have the right and opportunity to examine your person when and as often as it may reasonably require during the pendency of a claim hereunder." The Paul Revere policy provides for $1,500 in monthly payments until Marks reaches the age of 65. Paragraph 9.6(b) of the policy states that Paul Revere "will pay at the end of each 30 days any benefits that are payable periodically — subject to continuing proof of loss." Like the Provident policy, Paul Revere reserved the right to "have a Physician of Our choice examine You as often as reasonably required while your Claim is continuing." Id. at paragraph 9.5.
 {¶ 4} It appears that, with the exception of a few late payments, the insurers have made all required payments under their policies.
 {¶ 5} In his complaint for declaratory relief, Marks alleged that the insurers had failed to live up to the obligations set forth in the policies by (1) concealing material terms and conditions of Marks' policies and riders; (2) repeatedly delaying the prompt payment of benefits; (3) imposing unnecessary and intrusive requirements upon Marks and his health care providers; (4) coercing Marks to submit to unnecessary and psychologically damaging interrogations by "unqualified and uninformed individuals;" (5) repeatedly threatening to terminate his benefits; and (6)failing to take appropriate action to protect Marks' sensitive and confidential information.
 {¶ 6} The single count of the complaint asked for multiple declarations that (1) Marks is permanently and totally disabled; (2) that he is entitled to $4,000 per month for life under the Provident policy; (3) that he is entitled to $1,500 per month for life under the Paul Revere policy; (4) that all benefits must be paid for in a timely manner, without any reason for delay; (5) that Marks and his health care providers are relieved of any obligation to provide continuing information to the insurers relating to his condition; (6) that Marks is not subject to any further interviews or examinations by the insurers or their agents; (7) that the insurers must maintain the confidentiality of Marks' private information and records; and (8) that the insurers must conduct themselves in good faith and not take any action "which might cause plaintiff any adverse consequences."
 I {¶ 7} Marks first argues that the court erred by granting summary judgment on grounds that there was no justiciable issue. He argues that declaratory judgments are a favored method for addressing preemptive issues relating to insurance contracts, and that his emotional well-being will be served by a resolution of his request for a ruling that his disability benefits must continue permanently.
 {¶ 8} R.C. 2721.03 states that any person interested under a written contract may have determined any question of construction or validity arising under the contract. The statute is remedial in nature and intended to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *." Swander Ditch Landowners' Assn. v. Joint Bd.of Huron Seneca County Commr's. (1990), 51 Ohio St.3d 131,134.
 {¶ 9} Three elements are necessary to obtain a declaratory judgment: (1) a real controversy between parties; (2) a controversy which is justiciable in character; and (3) a situation where speedy relief is necessary to preserve the rights of the parties. Herrick v. Kosydar (1975), 44 Ohio St.2d 128,130; Buckeye Quality Care Centers, Inc. v. Fletcher (1988),48 Ohio App.3d 150.
 {¶ 10} The primary concern with justiciability is that there must be a present rather than a hypothetical denial of a right or duty. See Driskill v. City of Cincinnati (1940),66 Ohio App. 372; Fant v. Greater Cleveland Regional Transit Auth. (June 9, 1994), Cuyahoga App. No. 66415. In short, the "controversy between the parties must be real or actual." Burger Brewing Co.v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97.
 {¶ 11} Marks' complaint set forth a mix of justiciable and nonjusticiable issues. The question of whether Marks is permanently and totally disabled arises from the contract language and is justiciable under the elements set forth above. Marks' condition appears to be an ongoing question in light of evidence in the record suggesting that his job terminations have been for conduct which might be unrelated to his bipolar disorder. Certainly, the policy language gives the insurers the right to reevaluate Marks' status on a continuing basis. That being the case, the dispute is real and justiciable.
 {¶ 12} The insurers argue that the policies are clear on the legal issue raised by Marks, and therefore nonjusticiable. This erroneously conflates two separate ideas. The court must answer the preliminary question of justiciability before addressing the substantive legal issue. In other words, the outcome of the legal issue raised in a declaratory judgment action does not control whether the matter is justiciable. Having found the issues were not justiciable, the court could not reach the merits of the claim. That being the case, the court has not properly considered the merits of the contract claim.
 {¶ 13} We reach the same conclusion for matters relating to Marks' alleged entitlement to receive benefits for life under the Provident policy or until the age of 65 under the Paul Revere policy. The policies are contingent in nature, subject as noted previously, to proof of a continuing disability. The court can resolve this question on the merits. Likewise, the issue of the insurers' right to demand continuing proof of disability arises from specific contract language. These questions are fully capable of being resolved by the court to remove any current uncertainty in interpretation.
 {¶ 14} We do find, however, that the court did not err by finding nonjusticiable issues relating to the possibility that the insurers might make late payments, the insurers possible dissemination of Marks' confidential information, and the insurers possible violation of their duty of good faith. With these points, Marks simply asks the court to reaffirm stated and implied duties that the insurers have under the policies and at law. There is no claim that the insurers have violated these duties at this point in time, so Marks is dealing with mere possibilities. That being the case, there is no "actual" dispute. Indeed, a declaration that an insurer had to act in good faith would be as meaningless as the court declaring that a party had to comport with the reasonable person standard in tort law.
 {¶ 15} In summary, we find that the court erred by granting summary judgment on the following issues: whether Marks is permanently and totally disabled under the policies, whether Marks is entitled to receive policy benefits for life under the Provident policy or until the age of 65 under the Paul Revere policy, and whether the insurer's have the right to demand continuing proof of Marks' disability. The court did not err by granting summary judgment on the remaining issues.
 II {¶ 16} During the course of the declaratory judgment proceedings, the parties agreed to permit the court to enter a protective order which bound the parties to keep confidential certain information relating to Marks. That protective order prohibited disclosure not only through the appeals process, but thereafter as well. Marks argues that the court's summary judgment somehow rescinded the protective order and asks us to "reinstate" the order. Given our decision to remand the case, the protective order remains in force and there is nothing to "reinstate."
Affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs divided equally between plaintiff-appellant and defendants-appellees.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and Blackmon, J., concur.