[Cite as *S. Ohio Complete Pain Mgt., L.L.C. v. Portsmouth,* ___ Ohio St.3d ___, 2012-Ohio-6004.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


SOUTHERN OHIO COMPLETE PAIN
MANAGEMENT, LLC AND PORTSMOUTH
MEDICAL SOLUTIONS, LLC,                   :

    Plaintiffs-Appellants,               :       Case No.   11CA3450

    vs.                                  :

THE CITY OF PORTSMOUTH, OHIO,             :       DECISION AND JUDGMENT ENTRY


    Defendant-Appellee.                  :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:        Steven E. Hillman, 425 Metro Place North, Suite 460,
                               Dublin, Ohio 43017

COUNSEL FOR APPELLEE:          Lawrence E. Barbiere and John W. Hust, 5300
                               Socialville-Foster Road, Suite 200, Mason, Ohio 45040

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-6-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment that overruled

the summary judgment motion and dismissed the declaratory judgment complaint filed by South

Ohio Complete Pain Management, LLC and Portsmouth Medical Solutions, LLC's, plaintiffs below

and appellants herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT SUSTAINING THE
PLAINTIFFS['] MOTION FOR SUMMARY JUDGMENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT FINDING THAT THE
PORTSMOUTH [SIC] ENACTED ON MARCH 28, 2011
VIOLATED SECTION 3, ARTICLE XVIII OF THE OHIO
CONSTITUTION AND ITS OWN CHARTER."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FOUND THAT THE
RELIEF SOUGHT WOULD NOT TERMINATE THE
UNCERTAINTY OR CONTROVERSY WHICH IS AT THE HEART
OF THIS ACTION."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY FINDING THAT SUB. HB 93
REQUIRED THE PLAINTIFFS TO BE MEDICAL DOCTORS AND
TO POSSESS A LICENSE FOR THE STATE PHARMACY BOARD
AS A TERMINAL DISTRIBUTOR OF DANGEROUS DRUGS."

{¶ 3} On March 28, 2011, appellee enacted Ordinance 2011-20 to regulate "pain clinics,"

"pain management clinics," or "pain management centers" within the city of Portsmouth.   The

ordinance required such clinics or centers to apply for a permit and to submit a $1,000 application

fee.   Section VIII of the ordinance required all such clinics and centers to comply with the ordinance

within thirty days from its adoption.   The ordinance stated that the "[f]ailure to do so shall be

considered a violation of this ordinance and shall subject the 'pain clinic,' 'pain management clinic,'

or 'pain management center' to closure."

{¶ 4} On April 8, 2011, appellants filed a complaint for declaratory and injunctive relief

against appellee.   They requested the trial court to declare the ordinance unconstitutional and to

enjoin appellee from enforcing the ordinance. The court subsequently denied appellants' request for a preliminary injunction.

{¶ 5} On June 6, 2011, appellants filed a summary judgment motion. In their motion, appellants noted that after they filed their complaint that challenged the constitutionality of the ordinance, the Ohio General Assembly enacted Am. Sub. H.B. No. 93, which became effective on May 20, 2011 (with the exception of R.C. 4729.552, which would become effective on June 19, 2011). Appellants argued that appellee's ordinance conflicts with the newly-enacted statute and requested the court to declare the ordinance invalid on that basis.

{¶ 6} On August 15, 2011, appellee filed a motion to dismiss or, in the alternative, a motion for summary judgment, along with a separate memorandum opposing appellants' summary judgment request. In all of these filings, appellee argued that appellants lacked standing to challenge the ordinance because "(1) they are not pain management clinics under Ohio law or under the City's ordinance; (2) the City has not sought to enforce the ordinance against the Plaintiffs; and (3) Plaintiffs have ceased active operations." Appellee contended that appellants have not suffered any injury because it has not taken any action to enforce the ordinance against them.

{¶ 7} In response, appellants asserted that they have standing because they have "reorganized" the business to comply with state law. They assert that even if they comply with state law, they will not be in compliance with the city ordinance. To support their argument, appellants submitted an affidavit from Tracy Bias, a member of the two organizations named as plaintiffs. In his affidavit, Bias avers that appellants have completed reorganizing due to the passage of HB 93 and "expect to return to full operation September 2011." Bias asserts that

appellants "will be in full compliance with the Ohio Statutes but not the conflicting requirements of the Portsmouth City Ordinance."

{¶ 8}   In its reply, appellee reiterated that appellants have not demonstrated that they suffered any injury as a result of the ordinance.   Appellee pointed out that appellants never submitted an application fee and that appellee never denied appellants a permit to operate.

{¶ 9}   On September 12, 2011, the trial court overruled appellants' summary judgment motion and dismissed their complaint.   The court determined

> "that it would serve no proper legal purpose to render declaratory judgment as to the constitutionality of the City of Portsmouth Ordinance governing pain management clinics, pursuant to [R.C.] 2721.07, which states, 'Courts of record may refuse to render or enter a declaratory judgment or decree under this Chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceedings in which the declaratory relief is sought.'   The City of Portsmouth could not know for certain that the State of Ohio would succeed in passing Sub. HB 93 within a few weeks after the implementation of its Ordinance; however, that act has occurred by the State of Ohio and the relief requested by the Plaintiffs in their action * * * would not eliminate the uncertainty or the controversy in the case at bar.   Any ruling as to the constitutionality of the City Ordinance would not terminate the uncertainty or controversy as to the fact that Plaintiffs must now comply with Sub. HB 93, which is more extensive and restrictive than the Ordinance of the City of Portsmouth."

{¶ 10}  The court also determined that appellants' claim was not ripe for review and that they do not have standing to challenge the ordinance.   The court observed that appellants did not apply for a permit and that appellee did not deny them a permit.   This appeal followed.

{¶ 11}  For ease of analysis, we first address appellants' third assignment of error wherein they claim that the trial court wrongly dismissed their declaratory judgment complaint.   In particular, appellants assert that the court improperly concluded that granting declaratory relief would not terminate the uncertainty or controversy.

{¶ 12} In In re Arnott, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶17 and

¶19, we set forth the following principles that apply to declaratory judgment actions:

> "A declaratory judgment is a civil action and provides a remedy in addition
> to other legal and equitable remedies available.  Aust v. Ohio State Dental Bd.
> (2000), 136 Ohio App.3d 677, 681, 737 N.E.2d 605.  A court may grant declaratory
> relief so long as it finds the action is within the spirit of the Declaratory Judgments
> Act, R.C. Chapter 2721, that a real and justiciable controversy exists between the
> parties, and that speedy relief is necessary to preserve rights that may otherwise be
> impaired or lost.  Schaefer v. First Natl. Bank (1938), 134 Ohio St. 511, 13 O.O.
> 129, 18 N.E.2d 263, at paragraph three of the syllabus.  Dismissal of a complaint
> seeking declaratory relief is appropriate when no real controversy or justiciable
> issue exists between the parties.  State v. Brooks (1999), 133 Ohio App.3d 521,
> 525, 728 N.E.2d 1119, citing Weyandt v. Davis (1996), 112 Ohio App.3d 717, 721,
> 679 N.E.2d 1191.
> * * * *
> In Mid–American Fire & Cas. Co. v. Heasley, 113 Ohio St.3d 133,
> 2007-Ohio-1248, 863 N.E.2d 142, the Supreme Court of Ohio reaffirmed that
> '"[t]he granting or denying of declaratory relief is a matter for judicial discretion,
> and where a court determines that a controversy is so contingent that declaratory
> relief does not lie, this court will not reverse unless the lower courts determination
> is clearly unreasonable."'  Id. at ¶12, quoting Bilyeu v. Motorists Mut. Ins. Co.
> (1973), 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871, at syllabus.  See also
> Englefield v. Corcoran, Ross App. No. 06CA2906, 2007-Ohio-1807, 2007 WL
> 1162162, at ¶11.  Accordingly, we will not reverse the trial court's decision to
> render declaratory relief unless the trial court abused its discretion.  'Abuse of
> discretion' connotes more than an error of judgment; it implies that the court's
> action was unreasonable, arbitrary, or unconscionable.  Blakemore v. Blakemore
> (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140."

{¶ 13} In the case at bar, we do not believe that the trial court's dismissal of appellants'

declaratory judgment complaint constitutes an abuse of discretion.  The court found that ruling on

appellants' complaint would not terminate the uncertainty or controversy, and also found that

appellants' complaint is not justiciable.  The court determined that appellants' complaint

presented a contingent controversy that is not ripe for declaratory relief.  Thus, we believe that the

trial court did not abuse its discretion by finding that appellant's complaint presented a contingent

controversy incapable of declaratory relief.

> "'For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties.'" Stewart v. Stewart (1999), 134 Ohio App.3d 556, 558, 731 N.E.2d 743, quoting State v. Stambaugh (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526. "'[I]n order for a justiciable question to exist, "[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote."'" Mid–American, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, at ¶9, quoting League for Preservation of Civ. Rights v. Cincinnati (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660. Thus, '[i]nherent in determining whether a complaint sets forth a justiciable issue is the question of ripeness.' Thomson v. Ohio Dept. of Rehab. & Corr., Franklin App. No. 09AP–782, 2010-Ohio-416, 2010 WL 438138, at ¶10."

Arnott at ¶22.

{¶ 14} In State ex rel. Elyria Foundry Co. v. Indus. Comm., 82 Ohio St.3d 88, 89, 694

N.E.2d 459 (1998), the court explained the ripeness doctrine:

> "Ripeness 'is peculiarly a question of timing.' Regional Rail Reorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320. The ripeness doctrine is motivated in part by the desire 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *.' Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681."

"By requiring that a case be ripe for judicial determination a court can avoid being in the position

of issuing advisory opinions on issues which may never arise." Walgash v. Board of Trustees of

Monclova Twp., 6th Dist. No. L-80-105 *3(Mar. 20, 1981). As the Elyria Foundry court noted:

> "'The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff.'"

Id. at 89, quoting Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65

Colum. L.Rev. 867, 876.

> A declaratory judgment action is justiciable only when the litigants
>
> "have an 'actual controversy.'   Persons are not entitled to litigate questions which may never affect them to their disadvantage.   This for the reason that 'Were the controversy not genuine or ripe for judicial decision, with a plaintiff and [a] defendant having actually or potentially opposing interests, with a res or other legal interest definitely affected by the judgment rendered and the judgment a final determination of the issue, it would fail to prevent a justiciable dispute-not because it seeks a declaratory judgment, but because it lacks the elements essential to invoke any judgment from judicial courts.'   Borchard's Declaratory Judgments, pp. 35-36."

Driskill v. City of Cincinnati, 66 Ohio App. 372, 374, 34 N.E.2d 241 (1940).   Accord Texas v.

United States, 523 U.S. 296, 301, 118 S.Ct. 1257, 1260 (1998), quoting Longshoremen v. Boyd,

347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954) ("'Determination of the scope * * * of

legislation in advance of its immediate adverse effect in the context of a concrete case involves too

remote and abstract an inquiry for the proper exercise of the judicial function.'").

{¶ 15} In the case sub judice, appellants' action is not ripe for review.   Appellants sought

to have a court declare their rights under an ordinance that may never affect them.   Appellants'

action is founded upon future events that may never occur, and, thus, the ordinance may never

affect them to their disadvantage.   Before appellants could even claim that appellee's ordinance

harms them, they first must comply with state law.   While they presented an affidavit averring that

they have, that affidavit is conclusory and not based upon any facts in evidence.   Moreover,

appellants' affidavit states that they have "reorganized."   The affidavit further admits, however,

that they are not currently operating any business, but that they "expect to return to full operation

September 2011."   Thus, it is not clear that appellants have any business operation that would be

subject to appellee's ordinance.   Appellants must demonstrate at least two conditions before this case even potentially could be ripe for review: (1) that they have complied with state law; and (2) that they are an operational business that must seek a permit under the ordinance.   As of now, appellants have not affirmatively demonstrated either one of these conditions.   Moreover, appellee has not yet reviewed a properly-submitted application from appellants to determine whether appellants would be entitled to a permit under the ordinance.   Thus, appellants' claim that the ordinance is unconstitutional rests upon multiple future events that may not occur.   At present, appellants have far too many conditions to fulfill before they can demonstrate that a justiciable issue exists.   If those events ever occur, then perhaps their claim will be ripe for review. Appellants have not, however, put forth any concrete evidence that appellee's ordinance has caused them a present harm.   Thus, their injury is, at this point, purely hypothetical.   Consequently, the trial court did not abuse its discretion by dismissing appellants' declaratory relief complaint.

{¶ 16} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' third assignment of error and affirm the trial court judgment.   Because our disposition of the third assignment of error renders appellants' remaining assignments of error moot, we need not address them.   See App.R. 12(A)(1)(c).

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellants the costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the
time period for further appeal commences from the date of filing with the clerk.