[Cite as *Cristino v. Ohio Bur. of Workers' Comp.*, 2013-Ohio-5936.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PIETRO CRISTINO

   Plaintiff

   v.

OHIO BUREAU OF WORKERS' COMPENSATION

   Defendant

Case No. 2008-10773

Judge Patrick M. McGrath

DECISION

{¶ 1} On February 15, 2013, defendant filed a motion for summary judgment as to the statute of limitations.  On March 5, 2013, plaintiff filed both a motion for leave to file a memorandum in opposition and its memorandum in opposition to defendant's motion.  Plaintiff's March 5, 2013 motion is GRANTED instanter.  On March 14, 2013, defendant filed a motion for leave to file a reply brief, which is GRANTED instanter. Defendant's motion for summary judgment is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from

the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} The gravamen of plaintiff's complaint relates to defendant's conduct in settling his permanent total disability (PTD) claim. According to the complaint, plaintiff applied for, and was granted, awards of workers' compensation. On April 3, 1994, defendant granted plaintiff PTD benefits, which entitled him to receive monthly disability benefits for the rest of his life. At some point thereafter, an employee of defendant contacted plaintiff about the possibility of settling his PTD. Plaintiff claims that in reliance upon defendant's representations, plaintiff accepted the $115,000 present value valuation of the claim, accepted payment of the amount on November 2, 1998, and executed releases supplied by defendant.[1] Plaintiffs complaint alleges the followings causes of action: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) unjust enrichment; (5) violation of constitutional and statutory rights; (6) declaratory relief; (7) injunctive relief.

{¶ 5} On July 7, 2009, the court granted, in part, defendant's motion to dismiss and dismissed plaintiff's claims for breach of fiduciary duty, fraud, unjust enrichment, violation of constitutional and statutory rights, and injunctive relief. On October 21, 2011, the court granted defendant's motion for summary judgment as to plaintiff's claim for breach of contract and determined that such claim was barred by the two-year

---

[1]In support of its motion for summary judgment, defendant attached the affidavit of Kenneth M. Brown, a claims supervisor for the Bureau of Workers' Compensation, who authenticated a list of payments made to plaintiff, with the last payment occurring on November 2, 1998.

statute of limitations. On January 9, 2012, the court granted defendant's motion for judgment on the pleadings as to plaintiff's remaining claims for declaratory relief, at which time plaintiff appealed this case to the Tenth District Court of Appeals.

{¶ 6} On September 27, 2012, the Tenth District Court of Appeals reversed the decision of this court, in part. The Tenth District decision states:

{¶ 7} "The trial court found that the state's discretionary immunity prevented Cristino from stating a claim for fraud. * * *

{¶ 8} "Without an allegation establishing that the policy arose from a high degree of official judgment or discretion, the complaint does not obviously or conclusively establish the existence of the discretionary-immunity affirmative defense. Consequently, we conclude that the trial court erred in dismissing Cristino's fraud claim based on it.

{¶ 9} "* * *

{¶ 10} "Because alternative pleading is permissible, a party may plead both a breach-of-contract claim and an unjust-enrichment claim without negating the validity of either claim. * * * The mere presence of both claims in a complaint does not warrant the dismissal of the unjust-enrichment claim on a Civ.R. 12(B)(6) motion. Thus, the trial court erred in dismissing Cristino's claim for unjust enrichment.

{¶ 11} "In sum, we conclude that the trial court properly dismissed Cristino's claim for breach of fiduciary duty, but erred in dismissing Cristino's claims for fraud and unjust enrichment. * * *

{¶ 12} "Having reviewed Cristino's challenge to the trial court's ruling on the Civ.R. 12(B)(6) motion, we turn to the trial court's ruling on the Civ.R. 12(C) motion. There, the trial court granted the Bureau a judgment on the pleadings with regard to Cristino's claim for declaratory relief. In so doing, the trial court relied on our opinion in *Schaub v. Div. of State Hwy. Patrol*, 10th Dist. No. 95APE08-1107 (Mar. 5, 1996). * * *

{¶ 13} "Application of *Schaub* to terminate Cristino's action was appropriate when the trial court ruled on the Civ.R. 12(C) motion. Because the trial court had previously disposed of all the claims underlying the parties' controversy, the controversy was over and no justiciable issue remained for adjudication. However, as we have found that the trial court erred in dismissing Cristino's fraud and unjust-enrichment claims, the parties' controversy is resurrected. We thus must reverse judgment in favor of the Bureau [of Workers' Compensation] on Cristino's claim for declaratory relief.

{¶ 14} "As a result of the foregoing analysis, we sustain in part and overrule in part Cristino's first assignment of error. We sustain the first assignment of error to the extent that Cristino asserted error with regard to the rulings on his claims for fraud, unjust enrichment, and declaratory relief. We overrule the first assignment of error to the extent that Cristino asserted error with regard to the ruling on his claim for breach of fiduciary duty." *Cristino v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 12AP-60, 2012-Ohio-4420, ¶ 21-22, 26-30 ("*Cristino* II").[2]

{¶ 15} Accordingly, plaintiff's claims for unjust enrichment, fraud, and declaratory relief remain pending before this court. On January 18, 2013, the court granted defendant leave to file an amended answer wherein defendant raised affirmative defenses relevant to the claims that had previously been dismissed by this court pursuant to Civ.R. 12(B)(6) prior to the filing of its answer. On February 15, 2013, the court granted defendant leave to file a dispositive motion solely on the issue of the statute of limitations.

{¶ 16} As an initial matter, the court notes that on February 8, 2013, the court conducted a status conference with the parties. As a result of the conference, plaintiff

---

[2]The Tenth District upheld this court's decision granting summary judgment in favor of defendant on plaintiff's claim for breach of contract. Plaintiff's other assignments of error were also overruled by the Tenth District Court of Appeals.

orally represented to the court that he did not intend to pursue his fraud claim and that he wished to withdraw such claim; the fraud claim was voluntarily dismissed pursuant to the court's February 15, 2013 entry.

{¶ 17} The court notes that "Civ.R. 41(A)(1) states that 'a plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial.'"  (Emphasis sic.) *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 12.  "It does not allow for the dismissal of a *portion* of the claims against a certain defendant.  Civ.R. 41(A) applies to discrete parties, not discrete causes of action." (Emphasis sic.)  *Id.* at 18.  In *Pattison*, the court noted in dicta that several courts of appeal, including the Tenth District, have held that "the proper procedure for a plaintiff to dismiss fewer than all claims against a single defendant is to amend the complaint pursuant to Civ.R. 15(A)." *Id.* at ¶ 19, citing *Lewis v. J.E. Wiggins & Co.*, 10th Dist. Nos. 04AP-469, 04AP-544, and 04AP-668, 2004-Ohio-6724,  ¶ 17.  Accordingly, if plaintiff wished to no longer pursue his fraud claim, the proper way would have been to file an amended complaint. However, the court will proceed as though the fraud claim was properly dismissed.

{¶ 18} In its motion for summary judgment, defendant argues that it is entitled to summary judgment based upon the undisputed facts and the law of the case as established by the Tenth District Court of Appeals.  Specifically, defendant contends that all of plaintiff's remaining claims are barred by the applicable two-year statute of limitations.

{¶ 19} R.C. 2743.16(A) states, "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 20} "[A]bsent extraordinary circumstances, such as an intervening decision by this court, an inferior court has no discretion to disregard the mandate of a superior

court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984). "[W]here at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given." (Citations omitted.) *Id.*, at 3-4.

{¶ 21} The Tenth District Court of Appeals affirmed this court's decision granting defendant's motion for summary judgment on plaintiff's breach of contract claim. In affirming this court, the Tenth District stated that the claim for breach of contract was barred by the statute of limitations. The Tenth District decision states:

{¶ 22} "Cristino originally commenced his action in a court other than the Court of Claims. Once Cristino filed his action in the Court of Claims, the Bureau [of Workers' Compensation] moved for summary judgment on his breach-of-contract claim on statute-of-limitations grounds. In such a situation, the saving statute only applies if Cristino filed his original action within R.C. 2743.16(A)'s two-year statute of limitations. Because Cristino waited over two years after the accrual of his claim to file his original complaint, he cannot take advantage of the saving statute. * * *

{¶ 23} "Thus, a prudent person, when receiving an offer to settle his PTD claim for a lump sum, could perform his own calculations to adjudge the present value of his claim. Cristino, himself, belatedly did his own calculations * * *. [R]easonable minds could only conclude that Cristino had constructive knowledge of the facts underlying his claim on or about November 2, 1998. Therefore, even with the benefit of the discovery rule, Cristino's claim is still untimely." *Cristino* II*, supra,* at ¶ 38, 42.

{¶ 24} The court of appeals upheld this court's determination that plaintiff's claims for breach of contract accrued on or about November 2, 1998. *Cristino* II*, supra*, at ¶ 42. In support of its motion for summary judgment, defendant attached documentation showing that plaintiff received his final payment from defendant on November 2, 1998. The only reasonable conclusion to be drawn from the undisputed facts is that plaintiff's

claim for unjust enrichment also accrued on November 2, 1998 inasmuch as it arises from the same conduct that is the basis for plaintiff's breach of contract claim. Plaintiff initially filed suit against defendant in the Cuyahoga County Court of Common Pleas on June 22, 2001. (Complaint, ¶ 4.) Plaintiff filed this case on November 10, 2008. Inasmuch as plaintiff's claims were filed in the Cuyahoga County Court of Common Pleas more than two years after they accrued, the only reasonable conclusion to be drawn is that plaintiff's claim for unjust enrichment is barred by the statute of limitations.

{¶ 25} Plaintiff argues that inasmuch as it dismissed his fraud claim, only equitable claims remain and that this is no longer a case that is "'permitted' to be filed in the Court of Claims that would be subject to the two-year" statute of limitations. (Plaintiff's Response, pg. 6-7.) Plaintiff contends that since only equitable claims remain, such claims are subject to a ten year statute of limitations pursuant to R.C. 2305.14.

{¶ 26} Plaintiff originally filed an action against defendant in the Cuyahoga County Court of Common Pleas. "Cristino asserted claims for breach of fiduciary duty, fraud, unjust enrichment, and violation of constitutional and statutory rights. Cristino sought several forms of relief, including full restitution of the difference between the amount the defendants represented was the present value of his PTD claim and the true present value. * * * [The Supreme Court of Ohio] held that Cristino sought legal, not equitable, relief because he pleaded a claim for money due under a contract, not the restitution of funds to which he was statutorily entitled. * * * The Supreme Court of Ohio thus ruled that the Cuyahoga County Court of Common Pleas lacked subject-matter jurisdiction over the action." *Cristino* II*, supra*, at ¶ 3, 5.

{¶ 27} Therefore, even though plaintiff claims that only equitable claims remain pending such that this court does not retain jurisdiction, the Supreme Court of Ohio has already ruled that plaintiff's claims belong in this court and not the common pleas court. *Cristino v. Ohio Bur. of Workers' Comp.*, 118 Ohio St.3d 151, 2008-Ohio-2013, ¶ 1

("*Cristino* I"). ("Pursuant to R.C. Chapter 2743, a civil claim against the state that requests only equitable relief may be heard in the courts of common pleas, whereas all other civil claims against the state fall within the exclusive, original jurisdiction of the Court of Claims. R.C. 2743.03(A)(1) and (A)(2). We hold that the present claim against the state is not an equitable claim of restitution and that the Cuyahoga County Court of Common Pleas therefore lacks subject-matter jurisdiction over the action.")

{¶ 28} In this case, the court of appeals stated that when Cristino filed his complaint in the court of claims, he "asserted claims for breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and violation of constitutional and statutory rights. *In addition to money damages*, Cristino also sought declaratory and injunctive relief." (Emphasis added.) *Cristino* II*, supra*, at ¶ 7. A claim for unjust enrichment can be a claim for either money damages or an equitable remedy. "It is well established that restitution can be either a legal or an equitable remedy." *Cristino* I*, supra*, at ¶ 7. "In general, a claim for restitution relating to a contract dispute constitutes an action in law." *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-367, 2011-Ohio-6459, ¶ 16.

{¶ 29} In this case, plaintiff's claim for unjust enrichment seeks legal relief inasmuch as he seeks a return of money due under a contract. *See Cristino* II*, supra*, at ¶ 7; *Cristino* I*, supra*. In his complaint, plaintiff alleges that defendant discounted the present value of his claim by an additional 30 percent when it calculated his lump sum payment. (Complaint, ¶ 14-17.) Plaintiff alleges that he is entitled to the difference between the amount defendant represented to be the present value and the true present value of his PTD claim. (Complaint, ¶ 55-57.) "A claim against the state for money due under a contract is not a claim of equitable restitution and must be brought in the Ohio Court of Claims." *Cristino* I*, supra,* at ¶ 11. Plaintiff's claim for unjust enrichment is a claim for monetary damages over which this court has jurisdiction. Even though plaintiff has withdrawn his claim for fraud, his claim for unjust enrichment

and declaratory judgment remain pending and this court has jurisdiction over plaintiff's claims. Since plaintiff's claims are legal in nature, proper jurisdiction is in the Court of Claims and such claims are subject to a two-year statute of limitations. *See* R.C. 2743.16(A). Based on the accrual date of November 2, 1998, as affirmed by the Tenth District Court of Appeals, the only reasonable conclusion to be drawn is that plaintiff's remaining claim for unjust enrichment is barred by the two-year statute of limitations.[3]

{¶ 30} Plaintiff argues that because defendant never argued in the common pleas action that plaintiff's claims were barred by a two-year statute of limitations, defendant is estopped from raising such an argument at this time. However, the Tenth District Court of Appeals already rejected this argument when it overruled plaintiff's assignment of error that its breach of contract claim was timely filed under the doctrines of judicial estoppel and equitable estoppel. *Cristino* II*, supra*, at ¶ 43-51. Accordingly, construing the facts most favorably for plaintiff, plaintiff's claim for unjust enrichment is barred by the statute of limitations and defendant is entitled to judgment as a matter of law.

{¶ 31} The Tenth District Court of Appeals also reinstated plaintiff's claim for declaratory judgment on the basis that some of the claims underlying the parties' controversy remain pending before this court. *Cristino* II*, supra*, at ¶ 29. "The three essential elements for declaratory relief are that (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Wilson v. Collins*, 10th Dist. No. 10AP-511, 2010-Ohio-6538, ¶ 8, citing *State ex rel. Gelesh v. State Med. Bd. of Ohio*, 172 Ohio App.3d 365, 2007-Ohio-3328, ¶ 7 (10th Dist.). "[T]wo criteria must be met in order for a justiciable issue to exist: 1) plaintiff must have a right or duty owing by the defendant; and 2) the denial of plaintiff's right or duty by defendant must be a present

---

[3]Additionally, even if plaintiff had not dismissed his fraud claim, the court concludes that this claim is also barred by the two-year statute of limitations for the same reasons.

event and not a hypothetical future event." *Schaub v. Div. of State Hwy. Patrol*, 10th Dist. No. 95APE08-1107 (Mar. 5, 1996), citing *Driskill v. City of Cincinnati*, 66 Ohio App. 372 (1st Dist.1940).

{¶ 32} This court has determined that plaintiff cannot recover on his remaining claim for unjust enrichment as a matter of law inasmuch as such claim is barred by the two-year statute of limitations. Additionally, plaintiff dismissed his fraud claim. Accordingly, plaintiff's claim for declaratory judgment is also barred inasmuch as any declaration by this court of the respective rights and duties of the parties would be purely advisory. *Id.*, citing *Cincinnati Met. Housing Auth. v. Cincinnati Dist. Council No. 51*, 22 Ohio App.2d 39 (1st Dist.1969).

{¶ 33} The court notes that plaintiff's complaint also sought injunctive relief, which was dismissed by this court on July 7, 2009. When plaintiff appealed his case to the Tenth District Court of Appeals, his first assignment of error stated that this court erred "by dismissing the claims for breach of fiduciary duty, unjust enrichment, fraud, declaratory relief, *and injunction * * *.*" (Emphasis added.) *Cristino* II*, supra*, at ¶ 11. The Tenth District found that this court erred in dismissing plaintiff's claims for fraud, unjust enrichment, and declaratory relief and remanded the case to this court for consideration of such claims. *See Id.* at ¶ 12, 30. The Tenth District did not address plaintiff's claim for injunctive relief in its decision. *See Id.* Inasmuch as the claim for injunctive relief was dismissed by this court and was not reinstated by the Tenth District Court of Appeals, the court determines that the claim for injunctive relief is not before the court.

{¶ 34} As a final matter, on March 5, 2013, plaintiff filed a motion to transfer this case to the Cuyahoga County Court of Common Pleas. On March 14, 2013, defendant filed a memorandum in opposition. In its motion, plaintiff seeks to "return this action to the Cuyahoga County Court of Common Pleas" for proper venue and jurisdiction. Plaintiff seeks to transfer this case to the common pleas court inasmuch as he

dismissed his fraud claim and no longer seeks monetary damages. In response, defendant argues that the court of claims has jurisdiction over all claims inasmuch as the Supreme Court of Ohio has previously established that all of plaintiff's claims arise from contract.

{¶ 35} The court disagrees with plaintiff's contention that since only equitable claims remain, this court lacks jurisdiction over such claims. When a plaintiff brings a claim for money damages over which the court of claims has jurisdiction, the court retains jurisdiction to determine the merits of all claims asserted therein, whether they be legal or equitable. *See* R.C. 2743.03(A); *see also Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97 (1991); *Racing Guild of Ohio, Local 304 v. Ohio State Racing Comm.*, 28 Ohio St.3d 317, 320 (1986); *Upjohn Co. v. Ohio Dept. of Human Servs.*, 77 Ohio App.3d 827 (10th Dist.1991). Additionally, for the same reasons as stated above, the court finds that plaintiff's remaining claim for unjust enrichment arises from a contract and the court has jurisdiction over such claim. Accordingly, even though plaintiff has dismissed his fraud claim, the remaining claims for unjust enrichment and declaratory judgment are properly before the court.

{¶ 36} The court of claims has original, exclusive jurisdiction over plaintiff's claims. Plaintiff has failed to provide support for the assertion that the court of claims can "transfer" a case to a common pleas court when monetary damages are no longer sought. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard. Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action." (Internal citations omitted.) *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Venue is proper in any court which has subject matter jurisdiction over the claims. Subject matter jurisdiction must be established prior to determining the proper venue. Here, the court of claims has subject matter jurisdiction over plaintiff's claims. Accordingly, the court cannot transfer this case to the Cuyahoga County

Common Pleas Court.  Accordingly, for the reasons stated above, plaintiff's motion to transfer this case is without merit and plaintiff's motion to transfer is DENIED.

{¶ 37} Based on the foregoing, construing the facts most strongly in plaintiffs favor, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.  Therefore, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

_____
PATRICK M. MCGRATH
Judge



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PIETRO CRISTINO

    Plaintiff

    v.

OHIO BUREAU OF WORKERS' COMPENSATION

    Defendant

Case No. 2008-10773

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

{¶ 38} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Alexander E. Goetsch
Max E. Dehn
Ronald D. Holman II
Special Counsel to Attorney General
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

Emily M. Simmons
Randall W. Knutti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Frank L. Gallucci III
55 Public Square, Suite 2222
Cleveland, Ohio 44113

Mark E. Mastrangelo
Assistant Attorney General
Workers' Compensation Section
State Office Bldg.
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899

Patsy A. Thomas
Assistant Attorney General
Workers' Compensation Section
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130

Paul W. Flowers
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-1901

W. Craig Bashein
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-2216

007
Filed August 2, 2013
Sent to S.C. Reporter April 30, 2014