[Cite as *Smiley v. Prison Official, Inc.*, 2014-Ohio-1100.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| TERRANCE SMILEY, | : | Case No. 13CA3408 |
| Plaintiff-Appellant, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| PRISON OFFICIAL, INC., | : | |
| Defendant-Appellee. | : | **RELEASED:  3/18/14** |

APPEARANCES:

Terrance Smiley, Chillicothe, Ohio, pro se appellant.

Harsha, J.

{¶1}    Terrance Smiley, an inmate at Chillicothe Correctional Institution, appeals from the trial court's entry dismissing without prejudice his small claims complaint for breach of contract.  Because the trial court's entry is not a final, appealable order, we lack jurisdiction to address the merits of Smiley's appeal and must dismiss it.

I.  FACTS

{¶2}    In January 2013, Smiley sent appellee, Prison Official, Inc, ("Prison Official") $51.95 for an advertised list of "50 real names & addresses and photos of authentic female penpals."  After he received the requested list, Smiley wrote letters to about half of the names on the list, but many of his letters were returned to him stamped "attempted-not known unable to forward."  Smiley complained to the company and requested a refund, but his letters went unanswered.

{¶3}    In July 2013, Smiley filed a small claims complaint for breach of contract against Prison Official in the Chillicothe Municipal Court.  The trial court issued notices

of a trial to the parties, and when Smiley failed to appear, the court magistrate recommended dismissing the case without prejudice for failure to prosecute. Instead of filing objections, Smiley filed a "motion to reconsider" in which he claimed that the clerk of the court had not given him notice whether service on Prison Official had been completed and that because he was incarcerated, he should have been given the opportunity to make an alternative appearance through telephone or video.

{¶4}   On August 28, 2013, the trial court issued an entry treating Smiley's motion to reconsider as an objection and overruled it. The trial court adopted the magistrate's decision and dismissed the case without prejudice for failure to prosecute.

{¶5}   This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶6}   Smiley assigns the following error for our review:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S SMALL CLAIMS COMPLAINT FOR FAILURE TO PROSECUTE.

## III. LAW AND ANALYSIS

### No Final, Appealable Order

{¶7}   In his sole assignment of error, Smiley asserts that the trial court abused its discretion in dismissing his breach-of-contract case for failure to prosecute. Before addressing the merits of the assigned error, we must determine whether this appeal is properly before us. Although the parties do not suggest that this court lacks jurisdiction, "litigants cannot vest a court with subject-matter jurisdiction by agreement"; subject-matter jurisdiction is properly raised by an appellate court sua sponte. *See Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d

601, ¶ 22; *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 13.

**{¶8}** Courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2). "R.C. 2505.03(A) limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees." *See State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 44. R.C. 2505.02(B) defines final orders, and under the part pertinent here, an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

**{¶9}** "Ordinarily, a dismissal 'other than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA At Your Service, Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8. Smiley's action was "dismissed without prejudice, which, by rule, is not a final, appealable order." *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 2011-Ohio-1445, 945 N.E.2d 511, ¶ 2, citing Civ.R. 41(B)(3). A dismissal without prejudice divests the court of jurisdiction over the case, and the action is treated as if it had never been instituted, which means that the action neither affects a substantial right nor determines the action. *See generally Dill v.*

*Athens*, 4th Dist. Athens No. 12CA30, 2013-Ohio-5888, ¶ 8-9, and cases cited therein; *see also State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17 (dismissal without prejudice terminates further action on the merits).

{¶10} More specifically, courts have held that if a plaintiff can refile a suit, an involuntary dismissal of a case without prejudice for failure to prosecute is not a final, appealable order. *See Isreal v. G-Core Automotive Corp.*, 10th Dist. Franklin No. 13AP-201, 2013-Ohio-4461, ¶ 5-6; *Davis v. Paige*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415, ¶ 41; *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 14 (2d Dist.). Here, there is no evidence or argument that any applicable statute of limitations has expired so as to bar Smiley from refiling his breach-of-contract action. *See* R.C. 1302.98(A) (four-year statute of limitations for breach of contract of sale); R.C. 2305.06 (general eight-year statute of limitations for breach of written contract).

{¶11} Smiley argues that where, as here, the plaintiff is unrepresented by counsel and incarcerated, the trial court should pursue alternatives to dismissal for want of prosecution when the risks and expense of transporting the prisoner to court are prohibitive, e.g., bench trial in prison, trial by depositions, appointment of counsel to assist the plaintiff, postponement of the proceeding if the plaintiff's release is imminent, or dismissal without prejudice to permit refiling at a later date. *See Laguta v. Serieko*, 48 Ohio App.3d 266, 267, 549 N.E2d 216 (9th Dist.1988); *Hughley v. Cintron*, 8th Dist. Cuyahoga No. 93145, 2009-Ohio-5839, ¶ 12.[1] The two primary cases cited by Smiley

---

[1] We note that the trial court here, by deciding to dismiss the case without prejudice, followed this precedent.

on appeal for this proposition, *Snyder v. Belmont Natl. Bank*, 7th Dist. Belmont No. 09 BE 9, 2010-Ohio-1089, and *Williams v. RPA Development Corp.*, 10th Dist. Franklin No. 07AP-881, 2008-Ohio-2695, however, do not vest this court with jurisdiction over the trial court's dismissal *without prejudice* of Smiley's case here.  Both *Snyder* and *Williams* are distinguishable because they involved appeals from dismissals *with prejudice* of cases for failure to prosecute, i.e., they involve appeals from orders affecting a substantial right that determines the action.

**{¶12}**  Therefore, the trial court's entry is not a final, appealable order, and we lack jurisdiction to consider the merits of Smiley's appeal.

IV. CONCLUSION

**{¶13}**  Because we lack jurisdiction, we dismiss the appeal.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J., & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
       William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**