[Cite as *Fulton Railroad Co. v. Cincinnati*, 2016-Ohio-3520.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FULTON RAILROAD CO., | : | APPEAL NO. C-150373 |
| | | TRIAL NO. A-1405370 |
| THE SAWYER PLACE CO., | : | |
| and | : | *O P I N I O N.* |
| CINCINNATI BARGE & RAIL TERMINAL, LLC, | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, | | |
| and | : | |
| | : | |
| CHARLES C. GRAVES, DIRECTOR, DEPARTMENT OF CITY PLANNING AND BUILDINGS, | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 22, 2016

*Barrett & Weber* and *C. Francis Barrett*, for Plaintiffs-Appellants,

*Paula Boggs Muething*, City Solicitor, *Marion E. Haynes*, Chief Counsel, and *Emily E. Woerner*, Assistant City Solicitor, for Defendants-Appellees.

**STAUTBERG, Judge.**

{¶1} Plaintiffs-appellants Fulton Railroad Company, The Sawyer Place Company, and Cincinnati Barge and Rail Terminal, LLC, ("plaintiffs") filed a complaint for a declaratory judgment, asking that the trial court declare (1) that the noise regulations contained in Cincinnati Municipal Code Chapter 909 and Cincinnati Ordinance 389-2013 are unconstitutional, and (2) that the procedures the city used to adopt Cincinnati Ordinance 389-2013 violated plaintiffs' due-process and equal-protection rights. Defendants-appellees the city of Cincinnati and Charles C. Graves in his official capacity as Director of the Department of City Buildings and Planning (collectively "the city") moved the trial court to dismiss plaintiffs' complaint under Civ.R. 12(B)(6). The court granted the city's motion on two related grounds. First, the court determined that plaintiffs' complaint failed to state a justiciable controversy. Second, the court determined that plaintiffs lacked standing because they failed to allege that any rights, status, or legal relationships had been impacted by the noise ordinances. This appeal followed.

## The Noise Ordinance and Plaintiffs' Complaint

{¶2} Most of the city's noise regulations are contained in Chapter 909 of the Cincinnati Municipal Code. Cincinnati Ordinance 389-2013 was ratified pursuant to Cincinnati Municipal Code Chapter 909. Cincinnati Ordinance 389-2013 sets maximum permissible sound levels in areas of the city that have been zoned "Planned Development Districts." A violation of Ordinance 389-2013 is a misdemeanor pursuant to Cincinnati Municipal Code 909-3.

{¶3} Fulton Railroad Company and The Sawyer Place Company own property that, according to their complaint, is located in a Planned Development District and/or is subject to Cincinnati Ordinance 389-2013 due to its proximity to a

Planned Development District. Cincinnati Barge & Rail Terminal, LLC, leases a portion of this property from The Sawyer Place Company. It operates a river barge and rail terminal facility at that location. The location in which these plaintiffs own land and/or operate their businesses was designated as Planned Development District 46 ("PD 46"). The maximum sound levels assigned to PD 46 appear to be similar to areas zoned for commercial use. According to plaintiffs' complaint, the city maintains that the subject property is no longer designated as PD 46, and that the property is now zoned RF-R (Riverfront Residential/Recreational). Regardless, Cincinnati Ordinance 389-2013 and Cincinnati Municipal Code Chapter 909 regulate sound in the receiving area, as opposed to the area in which the sound is generated, and therefore plaintiffs contend that they are subject to the ordinance because they are in close proximity to a Planned Development District.

{¶4} Plaintiffs' complaint alleges that compliance with the noise regulations in Cincinnati Ordinance 389-2013 is "neither physically possible nor reasonably practical" because sounds from other sources already exceed maximum permissible sound levels. Plaintiffs do not allege that they have violated, or are in violation of the ordinance, nor do they allege that they have altered their behavior or been affected by the ordinance in any way. If there is such a violation, then the city has apparently chosen, at least for the moment, not to cite the plaintiffs.

### Civ.R. 12(B)(6) and "Justiciable Controversy"

{¶5} In plaintiffs' sole assignment of error, they allege that the trial court erred when it granted the city's Civ.R. 12(B)(6) motion to dismiss. This argument has no merit.

{¶6} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint. *Darby v. Cincinnati*, 1st Dist. Hamilton No. C-130430, 2014-Ohio-2426, ¶ 5. A complaint

3

may be dismissed under Civ.R. 12(B)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In reviewing the complaint, we accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶7}   We normally review the granting of a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. However, where, as here, the trial court has made a determination to dismiss a declaratory judgment action under Civ.R. 12(B)(6) due to the lack of a justiciable controversy, we review the trial court's justiciability determination for an abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. Reversal is therefore warranted only if the court's decision regarding justiciability was unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Justiciability and Declaratory Judgment

{¶8}   In this case, plaintiffs were seeking a declaratory judgment concerning the constitutionality of Cincinnati Municipal Code Chapter 909 and Cincinnati Ordinance 389-2013, and the constitutionality of the process utilized when the city adopted Cincinnati Ordinance 389-2013. "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Mid-Am. Fire and Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8, citing *Travelers Indemn. Co. v. Cochrane*, 155 Ohio St. 305, 312, 98 N.E.2d 840 (1951). A declaratory judgment action, like any cause of

action, must meet the threshold requirement of justiciability to withstand a Civ.R. 12(B)(6) motion to dismiss. *Mid-Am.* at ¶ 9-10; *Arnott* at ¶ 10.

{¶9} The duty of every judicial tribunal is to decide actual controversies between parties legitimately affected by specific facts, and to render judgments which can be carried into effect. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). To this end, courts must "avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Id.* An actual, justiciable controversy is more than a disagreement; the parties must have adverse legal interests. *Mallory v. Cincinnati*, 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 10. Further, for a justiciable issue to exist, the danger or dilemma of the plaintiff must be present, and it must not be contingent on the happening of a hypothetical future event. *Mid-Am.* at ¶ 9, citing *League for Preservation of Civil Rights v. Cincinnati*, 64 Ohio App. 195, 197, 28 N.E.2d 660 (1st Dist.1940), quoting Borchard, *Declaratory Judgments*, 40 (1934); *see Mallory*.

{¶10} In this case, the trial court found that no justiciable controversy existed:

> Plaintiffs have not alleged that they have been subject to any adverse conduct by the Defendants. Nowhere in Plaintiffs' complaint is it asserted that the Defendants have enforced the ordinances against any of Plaintiffs' activities. * * * Plaintiffs' complaint is void of any allegation that any, specific activity conducted by Plaintiffs exceeds the permissible sound levels in the ordinances. * * * Plaintiffs have failed to allege an actual or even a single, potential activity conducted by Plaintiffs that would violate the ordinances. Furthermore, Plaintiffs

5

make no allegation that they have had to modify or restrain the use of their property in anyway.

{¶11} The trial court's reasoning that plaintiffs' complaint seeks an advisory opinion, only, is sound. While we do not opine on the wisdom of imposing sound restrictions appropriate for residential areas on property historically used for commercial and industrial purposes, plaintiffs' complaint does not allege that they have been harmed or even affected by the noise ordinances in any way. Further, they have not been subject to any adverse action by the city. Any "danger or dilemma" to plaintiffs is contingent on a hypothetical future event—in this case the issuance of a noise-ordinance citation. We therefore hold that the trial court did not abuse its discretion in determining that there was no justiciable controversy in this case, and that the court correctly dismissed the complaint pursuant to Civ.R. 12(B)(6).

{¶12} Plaintiffs also contend that the trial court erred in determining that they had no standing because they had had failed to allege that any of their rights, status, or legal relationships had been impacted by the noise ordinances. Because we have already determined that the court properly dismissed plaintiffs' complaint on the basis that there was no justiciable controversy, this argument is moot and we decline to address it. *See* App.R. 12(C)(1)(a).

{¶13} Plaintiffs' assignment of error is overruled. We affirm the trial court's judgment.

Judgment affirmed.

**HENDON**, **P.J.**, and **CUNNINGHAM**, **J.**, concur.

Please note:

The court has recorded its own entry this date.