[Cite as *Parker v. Ford Motor Co.*, 2019-Ohio-882.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HEATHER A. PARKER, as Administrator of the Estate of Austin Riley Parker and on behalf of the surviving spouse and child of the deceased, | : | APPEAL NO. C-180070 |
| | : | TRIAL NO. A-1704993 |
| | : | *O P I N I O N.* |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| FORD MOTOR COMPANY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 15, 2019

*F. Harrison Green Co. LPA* and *F. Harrison Green*, for Plaintiff-Appellant,

*Frost Brown Todd LLC* and *Erin E. Orndorff*, and *Miller, Canfield, Paddock and Stone, P.L.C.*, and *Paul D. Hudson*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}    Plaintiff-appellant Heather A. Parker, as the administrator of the estate of her deceased husband Austin Riley Parker and on behalf of the surviving spouse and child of the deceased ("Parker"), has appealed from the trial court's judgment granting defendant-appellee Ford Motor Company's ("Ford") motion to dismiss all claims asserted by Parker.

{¶2}    In two assignments of error, Parker argues that the trial court's dismissal of her complaint was error.  However, because Parker's complaint failed to allege that Ford had acted with deliberate intent to injure Austin, the workers' compensation system governed Parker's claims.  Therefore, we hold that the complaint failed to state a claim upon which relief could be granted, and that the trial court did not err in granting Ford's motion to dismiss.

### *Factual and Procedural Background*

{¶3}    According to the allegations of the complaint, which the trial court was required to take as true, Austin Parker, a full-time employee of Ford, collapsed while on duty at work.  Austin was transported to a hospital, where he later passed away.  A toxicology report indicated that Austin had marijuana and fentanyl in his system and that his blood alcohol level was .08.

{¶4}    Parker filed a wrongful-death and survival action against Ford.  The complaint alleged that Ford had a company policy prohibiting substance abuse, that Ford had failed to implement the policy in the workplace, and that Ford's failure to implement the policy induced employees like Austin to possess and use drugs and alcohol in the workplace.  The following claims were alleged in the complaint:

wrongful death; a survival action; loss of consortium; negligence; negligent hiring, training, and retention; and respondeat superior.

{¶5}   Ford filed a Civ.R. 12(B)(6) motion to dismiss, arguing that it was entitled to immunity under Ohio's workers' compensation system because the complaint failed to allege an intentional tort.  It further argued in the alternative that Ford did not owe Austin a duty to prevent him from abusing drugs or alcohol.

{¶6}   Following a hearing, the trial court granted Ford's motion to dismiss. The court stated, "I agree that the case is properly here on a 12(B)(6) motion due to the affirmative defense that is available to Ford.  And I agree with [defense counsel] that these claims were barred by the employer immunity statute under workers' comp [and] that Ford didn't owe plaintiff a duty to prevent him from using the drugs or alcohol."  The trial court entered an order of dismissal that stated "[i]t is ordered that all claims asserted by Plaintiff against Defendant Ford Motor Company is [sic] hereby dismissed without prejudice."

### Trial Court's Entry is Final and Appealable

{¶7}   This court only has jurisdiction to review final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03.  Typically, a dismissal without prejudice is not a final, appealable order.  *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 2011-Ohio-1445, 945 N.E.2d 511, ¶ 2.  But an order granting a motion to dismiss for failure to state a claim upon which relief can be granted, even if dismissed without prejudice, may still be a final, appealable order if the claims cannot be pled any differently to state a claim for relief.  *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, 998 N.E.2d 517, ¶ 11 (1st Dist.).

3

{¶8} Here, the trial court's dismissal for failure to state a claim upon which relief could be granted was based upon its determinations that Ford was entitled to judgment because Parker's complaint had failed to allege an intentional tort and that Ford had not owed Austin a duty to prevent him from using drugs or alcohol. Parker cannot plead her claims any differently to state a claim for relief. And in fact, she does not so argue. Consequently, the trial court's dismissal of her claims was a ruling on the merits, notwithstanding the language in its entry stating that the claims were dismissed without prejudice. *See id.* at ¶ 13. Because Parker cannot plead her claims any differently to survive dismissal, the trial court's entry is a final, appealable order, and we have jurisdiction to entertain this appeal.

### No Error in Dismissal

{¶9} In two related assignments of error, Parker argues that the trial court erred in granting Ford's motion to dismiss, specifically contending that the trial court erred in finding that she could prove no set of facts entitling her to relief, that her claims were barred by employer immunity under the workers' compensation system, and that Ford owed no duty to Austin to prevent him from using drugs and alcohol in the workplace.

{¶10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 18 (1st Dist.). When ruling on a Civ.R. 12(B)(6) motion, the trial court is confined to the allegations in the complaint. *Id.* It must accept the complaint's factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Id.* We review the trial court's ruling on a Civ.R. 12(B)(6) motion de novo. *Id.* at ¶ 19. "A complaint should not be dismissed

4

for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.*

{¶11} We first address Parker's argument regarding employer immunity, as it is dispositive of this appeal.

{¶12} Pursuant to R.C. 4123.74 and Article II, Section 35, Ohio Constitution, employers are conferred with immunity for a majority of workplace injuries, and an employee's exclusive remedy for such injury lies within the workers' compensation system. *Hoyle v. DTJ Ents., Inc.*, 143 Ohio St.3d 197, 2015-Ohio-843, 36 N.E.3d 122, ¶ 7. The only exception is for an intentional tort. "But when an employee seeks damages resulting from an act or omission committed by the employer with the intent to injure, the claim arises outside of the employment relationship, and the workers' compensation system does not preempt the employee's cause of action." *Id.*

{¶13} R.C. 2745.01 sets forth the requirements for an employer to be held liable for an intentional tort outside of the workers' compensation system. It states:

> In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

R.C. 2745.01(A). The statute provides that "substantially certain" means that the employer has acted with the deliberate intent to cause injury to the employee. R.C. 2745.01(B). Courts have consistently interpreted R.C. 2745.01 as providing that,

5

absent a deliberate intent to injure, an employee's sole remedy for a workplace injury lies within the workers' compensation system. *Hoyle* at ¶ 11; *Pastroumas v. UCL, Inc.*, 1st Dist. Hamilton No. C-150352, 2016-Ohio-4674, ¶ 28.

{¶14} To have stated a claim against Ford upon which relief could be granted, Parker had to have alleged in her complaint that Ford acted with the deliberate intent to injure Austin. Parker's complaint contained the following general allegations:

14. On information and belief, Defendant Ford Motor implements a code of conduct for its employees prohibiting the possession and use of substance abuse [sic] (hereinafter referred to as the "Policy").

* * *

15. As a written policy, Defendant Ford Motor's Policy is enforceable and carried more weight and force than an unwritten company policy.

16. Though Defendant Ford Motor adopted such Policy, they failed to implement it in their workplace. Even if steps were taken to implement the Policy, it was ineffective.

17. Employees are not subjected to any checks or tests to ascertain if there are any violations of the Policy.

18. Defendant Ford Motor's lack of supervision, and failure to implement the Policy induced employees like Mr. Parker to possess and use alcohol and drugs at [the] workplace.

{¶15} The complaint contained further allegations regarding Ford's actions with respect to the individual claims raised. As to the wrongful-death claim, the complaint alleged that:

6

22. Defendant Ford Motor through its agents, employees, managers, and supervisors, was <u>negligent</u> in taking measures to prevent substance abuse in the work place [sic].

23. Defendant Ford Motor through its agents, employees, managers, and supervisors, failed to employ required personnel to implement its own Policy to prevent substance abuse in the work place [sic].

24. Mr. Parker's surviving spouse and son, along with his near and dear ones, suffered mental anguish, emotional distress, loss of his society and companionship, consortium, and pecuniary loss because of the wrongful death caused by Defendant Ford Motor's <u>negligent</u> practices in the workplace.

(Emphasis added.)

{¶16} As to the survival-action claim, the complaint stated that "[d]efendant Ford Motor's <u>willful and negligent</u> acts caused the death of Mr. Parker," and that "Mr. Parker was deprived of the opportunity to live a full and productive life with his near and dear, including his wife and son, by the [sic] reason of the wrongful death caused by Defendant Ford Motor's <u>negligent</u> practices in the workplace." (Emphasis added.)

{¶17} Parker's negligence claim was supported with the following allegations:

36. Defendant Ford Motor's <u>willful and negligent</u> conduct in improper implementation of its Policy induced Mr. Parker to have of [sic] possession [of] and use alcohol and marijuana on the work premises, leading to his untimely demise.

37.   Defendant Ford Motor failed to have periodical checks or other measures to deter employees from pursuing substance abuse in the work place [sic].

38.   Moreover, personnel authorized to implement the Policy were not effective enough to prevent substance abuse in the work place [sic].

39. As a direct result of Defendant Ford Motor's <u>negligence</u>, Plaintiff suffered conscious pain and suffering, incurred medical expenses, funeral expenses, and other damages.

(Emphasis added.)

{¶18}  In support of the claim for negligent hiring, training, and retention, the complaint alleged that "[d]efendant Ford Motor's <u>negligence</u> in hiring, training, and retaining employees and maintaining efficient measures to prevent substance abuse was the proximate cause of the Plaintiff's injuries."  (Emphasis added.)

{¶19}  Last, as to the claim for respondeat superior, the complaint stated that "[d]efendant Ford Motor is responsible for all of the <u>negligent</u> acts committed by its agents, managers, employees, and supervisors within the scope of their employment."  (Emphasis added.)

{¶20} Accepting all allegations in the complaint as true, and making all reasonable inferences in favor of Parker, we hold that the complaint fails to allege that Ford deliberately intended to cause injury or death to Austin.  At most, the complaint alleges negligence and/or willful negligence.

{¶21} Consequently, Parker's complaint failed to state a claim upon which relief could be granted, and the trial court did not err in granting Ford's motion to

dismiss. Parker's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.