[Cite as *Riddick v. MLS Homes, L.L.C.*, 2020-Ohio-897.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ERICA RIDDICK, | : | APPEAL NO. C-190258 |
| | | TRIAL NO. A-1803191 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| and | : | |
| ANTHONY ASHCRAFT, | : | |
| and | : | |
| WANDA ASHCRAFT, | : | |
| Plaintiffs, | : | |
| vs. | : | |
| MLS HOMES, LLC, | : | |
| and | : | |
| CITY OF CINCINNATI, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 11, 2020

*Cooper & Elliott, LLC, Jeffrey T. Kenney* and *Melanie M. Lennon*, for Plaintiff-Appellant,

*Paula Boggs Muething*, City Solicitor, and *Kevin M. Tidd*, Assistant City Solicitor, for Defendant-Appellee the city of Cincinnati,

*Barron, Peck, Bennie & Schlemmer, Co., L.P.A.*, and *Steven C. Davis*, for Defendant-Appellee MLS Homes, LLC.

**MYERS, Presiding Judge.**

{¶1}  Erica Riddick appeals from the trial court's entries granting a motion to dismiss filed by the city of Cincinnati and a motion for summary judgment filed by MLS Homes, LLC, ("MLS Homes") on Riddick's claim for a declaratory judgment that Vandalia Avenue is a private or undedicated street pursuant to Cincinnati Municipal Code 1401-01-S12 and that Riddick is entitled to use the street for any legal purpose.

{¶2}  For the reasons that follow, we affirm the trial court's judgment with respect to the city.  But we reverse the trial court's grant of summary judgment to MLS Homes and remand for further proceedings.

### *Factual and Procedural Background*

{¶3}  In 2004, Riddick purchased as her residence property located at 1314 Vandalia Avenue.  Vandalia Avenue is the property's identified address.  Riddick's title grants her a ten-foot easement to access the property from nearby Chambers Street.  This access is to the back of her residence.  The front of her home faces a paved area marked as Vandalia Avenue.  From the time of her purchase until 2015, Riddick used Vandalia Avenue for parking, access to her home, garbage pickup, and mail delivery.  Other residents of Vandalia Avenue also used it to access their properties.

{¶4}  While Vandalia Avenue is listed on a city list of "Private Streets Not Maintained" and has its own street sign, the paved property referred to as Vandalia Avenue is currently owned by MLS Homes, which owns the property located at 4159 Dane Avenue.  Vandalia Avenue is a part of this parcel and is located directly off

Dane Avenue. MLS Homes acquired the property in 2017 from Matthew Strausbaugh, who took ownership of the property in 2015. Strausbaugh is the managing member of MLS Homes. After purchasing the property, Strausbaugh sent a letter in December of 2015 to Riddick, along with other residents of Vandalia Avenue, stating that they would no longer be permitted to use Vandalia Avenue to access their property. Strausbaugh has since permitted residents of Vandalia Avenue to use Vandalia Avenue for garbage pickup and mail delivery, but has not allowed the residents to park on Vandalia Avenue or otherwise use it to access their property.

{¶5} Riddick filed a complaint for a declaratory judgment against the city and MLS Homes.[1] She sought a declaration that Vandalia Avenue is a private or undedicated street pursuant to Cincinnati Municipal Code 1401-01-S12, and that she is entitled to use the street for any legal purpose, including parking, ingress and egress to her property, mail delivery, trash services, and emergency vehicle access.

{¶6} The city filed a Civ.R. 12(B)(6) motion to dismiss, arguing that it had no control or jurisdiction over the designation of private streets, that it had no property interest in Vandalia Avenue, and that the complaint did not set forth a real, justiciable controversy between Riddick and the city. The trial court found that the action involved a dispute between two private property owners and that no justiciable controversy was present between Riddick and the city, and it granted the city's motion to dismiss.

{¶7} MLS Homes then filed a motion for summary judgment. It argued that Riddick had no right to an easement on MLS Homes's property and that

---

[1] Anthony and Wanda Ashcraft, who owned the property located at 1312 Vandalia Avenue, were additional plaintiffs in the lawsuit, but are not parties to this appeal. The complaint also named as defendants Baltimore & Ohio Railroad Company and Homesteading and Urban Redevelopment Corporation, but Riddick has voluntarily dismissed all claims against these parties pursuant to Civ.R. 41(A)(1).

Vandalia Avenue did not qualify as a street under Cincinnati Municipal Code 1401-01-S12. The trial court granted the motion for summary judgment after determining that Vandalia Avenue did not qualify as a street under the municipal code.

{¶8} Riddick has appealed both the trial court's entry granting the city's motion to dismiss and the entry granting MLS Homes's motion for summary judgment.

### *The City*

{¶9} In her first assignment of error, Riddick argues that the trial court erred in granting the city's motion to dismiss.

{¶10} Typically, we review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Parker v. Ford Motor Co.*, 2019-Ohio-882, 124 N.E.3d 893, ¶ 10 (1st Dist.). But where a declaratory-judgment action is dismissed under Civ.R. 12(B)(6) for lack of a justiciable controversy, we review the trial court's justiciability determination for an abuse of discretion. *Colosseo USA, Inc. v. Univ. of Cincinnati*, 1st Dist. Hamilton No. C-180223, 2019-Ohio-2026, ¶ 16; *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. A trial court abuses its discretion where its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Seabolt v. State Hwy. Patrol Retirement Sys.*, 156 Ohio St.3d 444, 2019-Ohio-1594, 129 N.E.3d 379, ¶ 15.

{¶11} A common pleas court only has subject-matter jurisdiction over "justiciable matters." Ohio Constitution, Article IV, Section 4(B); *Colosseo USA, Inc.* at ¶ 17. For purposes of a declaratory-judgment action, a justiciable matter exists where a real controversy is present between adverse parties and speedy relief is necessary to preserve the parties' rights. *Colosseo USA, Inc.* at ¶ 17; *Moore v.*

*Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 49. The parties must be engaged in more than a disagreement, and must have adverse legal interests. *Fulton RR. v. Cincinnati*, 1st Dist. Hamilton No. C-150373, 2016-Ohio-3520, ¶ 9. To be justiciable, the danger or dilemma faced by the plaintiff must be present, and not merely possible, remote, or contingent on the happening of future acts. *Mid-Am. Fire and Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9; *Colosseo USA, Inc.* at ¶ 18.

{¶12} In this case, the trial court found that the declaratory-judgment action involved "a private battle between two private property owners" and that no justiciable dispute existed between Riddick and the city. It did not abuse its discretion in making this determination.

{¶13} Riddick and the city do not have adverse legal interests. While Riddick wants Vandalia Avenue to be declared a street pursuant to Cincinnati Municipal Code 1401-01-S12, the city has no interest in whether Vandalia Avenue is declared a street or whether it is considered private property owned by MLS Homes.

{¶14} Riddick relies on Cincinnati Municipal Code 723-98 to argue that the city has a legal obligation to enforce her right to park on Vandalia Avenue. Cincinnati Municipal Code 723-98 provides that "[v]iolations of this chapter shall be enforceable by members of the Cincinnati Police Department and/or designated members of other City Departments. Each and every day on which a person continues to violate any provision of this chapter shall constitute a separate offense." Cincinnati Municipal Code Chapter 723 regulates the use of city streets and sidewalks, and it does not apply to the situation before us. Cincinnati Municipal Code 723-98 does not give the city authority to force MLS Homes to allow Riddick to

park on Vandalia Avenue or otherwise use it to access her property. The city has taken no action to prevent Riddick from using Vandalia Avenue and is not engaged in any dispute with Riddick. Rather, as the trial court found, the dispute in this case is between two private property owners, namely Riddick and MLS Homes.

{¶15} Because Riddick and the city do not have adverse legal interests and no controversy is present between the parties, we hold that the trial court did not abuse its discretion in granting the city's motion to dismiss after determining that no justiciable dispute existed between Riddick and the city.

{¶16} The first assignment of error is overruled.

### MLS Homes

{¶17} In her second assignment of error, Riddick argues that the trial court erred in granting summary judgment to MLS Homes because genuine issues of material fact exist as to whether Vandalia Avenue is a street pursuant to Cincinnati Municipal Code 1401-01-S12.

{¶18} Cincinnati Municipal Code 1401-01-S12 provides that a street is "a public or private right-of-way 21 feet or more in width whose primary function is to furnish the chief means [of] access to properties abutting it." The trial court granted summary judgment to MLS Homes after finding that Vandalia Avenue did not qualify as a street under Cincinnati Municipal Code 1401-01-S12. It specifically found that Vandalia Avenue did not constitute a public or private right-of-way, that the primary function of Vandalia Avenue was not to provide access to Riddick, and that Vandalia Avenue was not the chief means of access to Riddick's property because Riddick possessed a legal easement for ingress and egress to her property.

{¶19} We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶20} To establish that Vandalia Avenue was a street under Cincinnati Municipal Code 1401-01-S12, Riddick needed to show the following: that Vandalia Avenue was a public or private right-of-way that was at least 21 feet wide; that the primary function of Vandalia Avenue was to furnish the chief means of access to properties abutting it; and that Vandalia Avenue was, in fact, the chief means of access to both her property and others abutting it.

{¶21} In support of its motion for summary judgment, MLS Homes submitted an affidavit from attorney and licensed title agent Michael Fletcher. Fletcher stated that he had examined a title report for Riddick's property, and that the property had been granted a ten-foot easement for ingress and egress to it from Chambers Street. Fletcher further stated that this easement rendered Riddick's use of Vandalia Avenue for access to her property unnecessary. MLS Homes additionally submitted an affidavit from Matthew Strausbaugh, who stated that the property referred to as Vandalia Avenue is part of the real property owned by MLS Homes.

{¶22} In opposing summary judgment, Riddick submitted an affidavit in which she stated that she was told by the city upon purchasing her home that she was to access the home via Vandalia Avenue. Riddick further stated that from the time of

8

purchase until she received a letter from Strausbaugh in December of 2015, she used Vandalia Avenue for access to her property, parking, trash pickup, and mail delivery. After receiving Strausbaugh's letter, Riddick ceased parking or driving on Vandalia Avenue, but still used it for mail delivery and trash pickup. Riddick submitted a supplemental affidavit that included multiple photographs of Vandalia Avenue. These pictures depicted the Vandalia Avenue street sign, garbage cans on the property, and a general view of the property known as Vandalia Avenue. Riddick contends that these pictures established Vandalia Avenue's width as over 21 feet.

{¶23} Following our review of the record, we conclude that genuine issues of material fact exist as to whether Vandalia Avenue falls within the definition of a street under Cincinnati Municipal Code 1401-01-S12. MLS Homes argues that Riddick failed to submit any evidence that Vandalia Avenue is at least 21 feet or more in width, but we find that the photographs attached to her supplemental affidavit create a genuine issue of material fact on this point.

{¶24} Genuine issues of material fact also exist concerning the other elements of the definition of a street. A question exists as to the "primary function" of Vandalia Avenue. Is it to service the rest of MLS Homes's property or is it to provide access to Riddick? The undisputed evidence shows that Vandalia Avenue has been continually used as access for the property, for trash pickup, and for mail delivery for the properties abutting it. A factual dispute exists concerning whether this is the primary purpose of Vandalia Avenue.

{¶25} The record additionally contains conflicting evidence as to whether Vandalia Avenue is, in fact, the chief means of access to Riddick's property. Riddick uses Vandalia Avenue for trash pickup and mail delivery, and has in the past used it

for parking and access to her property. But her property also contains an easement for ingress and egress from Chambers Street. Whether the easement or Vandalia Avenue serves as the chief means of access to Riddick's property is an issue of fact.

{¶26} Because genuine issues of material fact exist as to whether Vandalia Avenue falls within the definition of a street pursuant to Cincinnati Municipal Code 1401-01-S12, we find that the trial court erred in granting summary judgment to MLS Homes on Riddick's declaratory-judgment claim.

{¶27} The second assignment of error is sustained.

### *Conclusion*

{¶28} Because the trial court correctly determined that no justiciable controversy existed between the city and Riddick, we affirm its grant of the city's motion to dismiss. But we reverse the trial court's grant of summary judgment to MLS Homes because genuine issues of material fact exist as to whether Vandalia Avenue falls within the definition of a street pursuant to Cincinnati Municipal Code 1401-01-S12. This action is remanded for further proceedings.

Judgment affirmed in part, reversed in part, and cause remanded.

CROUSE and WINKLER, JJ., concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.