[Cite as *Dotson v. Durrani*, 2026-Ohio-174.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| CAROLYN DOTSON, | : | APPEAL NO. C-250205 |
|  |  | TRIAL NO. A-1706418 |
| and | : |  |
| RAYMOND DOTSON, | : |  |
| Plaintiffs-Appellees, | : | *JUDGMENT ENTRY* |
| vs. | : |  |
| ABUBAKAR ATIQ DURRANI, M.D., | : |  |
| and | : |  |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : |  |
| Defendants-Appellants. | : |  |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is vacated.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to Appellees.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 1/21/2026 per order of the court.**

# OHIO FIRST DISTRICT COURT OF APPEALS

By:_____
     **Administrative Judge**

[Cite as *Dotson v. Durrani*, 2026-Ohio-174.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


|  |  |  |
|---|---|---|
| CAROLYN DOTSON, | : | APPEAL NO.   C-250205 |
|  |  | TRIAL NO.   A-1706418 |
| and | : |  |
| RAYMOND DOTSON, | : |  |
| Plaintiffs-Appellees, |  | *O P I N I O N* |
|  | : |  |
| vs. | : |  |
| ABUBAKAR ATIQ DURRANI, M.D., | : |  |
| and | : |  |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : |  |
| Defendants-Appellants. | : |  |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: January 21, 2026


*Statman Harris, LLC, Alan J. Statman,* and *Benjamin M. Maraan, II*, for Plaintiffs-Appellees,

*Taft Stettinius & Hollister LLP, Philip D. Williamson, Aaron M. Herzig, Russell S. Sayre,* and *Taylor S. Lovejoy*, for Defendants-Appellants.

**CROUSE, Judge.**

{¶1}     Defendants-appellants Dr. Abubakar Atiq Durrani and the Center for Advanced Spine Technologies (collectively referred to as "Durrani") appeal from the trial court's March 17, 2025 order that sua sponte vacated its July 29, 2024 judgment dismissing the complaint filed by plaintiffs-appellees Carolyn and Raymond Dotson ("the Dotsons") without prejudice.

{¶2}     For the reasons set forth below, we hold that the trial court lacked jurisdiction to vacate the July 29, 2024 judgment, and we vacate the trial court's judgment.

## I.  Factual and Procedural History

### A.  The Case Numbered A-1604542

{¶3}     In 2016, a multi-plaintiff medical-malpractice action was filed against Durrani in the case numbered A-1604542. The Dotsons were two of the plaintiffs in that action.[1] Durrani filed an answer, asserting as a defense that the plaintiffs "have failed to file affidavit(s) of merit." In September 2017, the trial court issued an order requiring that each plaintiff in the case file an amended complaint under a new case number, effectively severing the various plaintiffs' claims.

### B.  The Case Numbered A-1706418

{¶4}     On December 7, 2017, the Dotsons filed their amended complaint against Durrani in the case numbered A-1706418.[2]  The complaint did not include the

---

[1] Durrani represents that the Dotsons' claims were initially filed in Butler County in 2013 and were voluntarily dismissed. But our record contains no documents from the Butler County action. The multi-plaintiff complaint filed in the case numbered A-1604542 provides, "The Plaintiffs involve cases that were 41(a) in Butler County or new cases which have never been filed," but it does not specify whether a particular plaintiff had previously filed in Butler County or was filing for the first time in Hamilton County.

[2] The amended complaint also asserted claims against West Chester Hospital and UC Health, but the Dotsons settled with those entities.

affidavit of merit required for medical claims by Civ.R. 10(D)(2).[3]

{¶5}    In December 2017 and March 2018, the Dotsons filed motions to amend their complaint. The amendments sought to add assertions about the statute of repose, a claim for a violation of R.C. 2923.32 (Ohio's RICO statute), and language alleging that Dr. Durrani's medical license had been permanently revoked. Neither of the amendments sought to include an affidavit of merit.

{¶6}    In January 2018, Durrani filed a revised motion for judgment on the pleadings[4] arguing that the Dotsons' claims were barred by the statute of repose.

{¶7}    In May 2018, the trial court issued a decision allowing the Dotsons to amend the complaint to add language stating that Dr. Durrani's medical license had been permanently revoked.[5] The court's entry explained that "counsel for Plaintiffs withdrew the majority of their requested amendments and proceeded solely on the request to amend a one sentence paragraph" reflecting the revocation of Dr. Durrani's medical license.

{¶8}    In August 2019, Durrani filed an answer to the amended complaint. The answer asserted as an affirmative defense the plaintiffs' failure to file an affidavit of merit.

{¶9}    Approximately four years later, in September 2023, Durrani filed a motion to dismiss. The motion argued that all the Dotsons' claims must be dismissed as a matter of law because the Dotsons failed to file an affidavit of merit, as required

---

[3] Civ.R. 10(D)(2)(a) states, "Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim . . ., as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."

[4] A motion for judgment on the pleadings was initially filed prior to severance in the case numbered A-1604542.

[5] This entry applied not just to the Dotsons' motion to amend, but to motions to amend the complaints that had been filed against Durrani by 453 different plaintiffs under various case numbers.

by Civ.R. 10(D)(2)(d).

{¶10} The Dotsons filed a memorandum in opposition to Durrani's motion to dismiss. They argued that Durrani failed to timely assert the defense of failure to file an affidavit of merit because it was not raised in the January 2018 motion for judgment on the pleadings. Consequently, the Dotsons argued, Durrani had waived the defense. The Dotsons also filed a notice of the filing of an affidavit of merit, with an affidavit of merit from Dr. Keith Wilkey attached to the notice.

{¶11} Durrani filed a motion to strike the affidavit of merit, contending that the Dotsons never filed a motion seeking an extension of time to file the affidavit of merit, as set forth in Civ.R. 10(D)(2)(b), and that there was no procedural basis in the Ohio civil rules for the filing of the untimely affidavit of merit.

{¶12} The trial court took no action on the pending motions, and in June 2024, Durrani filed a motion for judgment on the pleadings. The motion largely echoed the previously-filed motion to dismiss, arguing that the amended complaint was not accompanied by an affidavit of merit as required by Civ.R. 10(D)(2), nor was it accompanied by a motion in accordance with Civ.R. 10(D)(2)(b) requesting additional time to file the affidavit of merit. Durrani's motion requested that the trial court strike the affidavit of merit from Dr. Wilkey as invalid and untimely and that the court dismiss the action for failure to state a claim upon which relief can be granted.

{¶13} On July 29, 2024, the trial court issued a judgment granting Durrani's motion for judgment on the pleadings. The judgment provided that the motion was granted "for the reasons set forth in Defendants' motion for JNOV," and it dismissed the Dotsons' complaint without prejudice.

{¶14} Approximately four months later, on November 30, 2024, the Dotsons filed a motion to amend, seeking to attach an affidavit of merit to the amended

6

complaint.

{¶15} Durrani filed a motion to deny the Dotsons' motion to amend as moot, arguing that after the trial court granted judgment on the pleadings and dismissed the Dotsons' complaint, the action was deemed to never have existed and there was no complaint pending before the court that could be amended. Therefore, Durrani argued, the motion to amend was a legal nullity. Durrani also filed a document captioned "opposition to plaintiffs['] motion to amend and motion for judgment on the pleadings."

{¶16} On February 18, 2025, the trial court issued a decision applicable not just to the Dotsons, but to approximately 154 of the plaintiffs that had filed causes of action against Durrani in the case numbered A-1604542 and had also seemingly filed motions to amend their complaints to add affidavits of merit. The decision granted the various plaintiffs' motions to amend, stating in relevant part that

> there was nothing that prevented Defendants from objecting to Plaintiffs' failure to comply with the affidavit-of-merit requirement earlier in these proceedings other than a belief that waiting to raise this issue would maximize the disruption caused to their opponents and thus benefit themselves. Indeed, the fact that Defendants waited as long as they did to raise the affidavit-of-merit issue in Plaintiffs' cases shows that Defendants did not have any genuine concerns regarding the harms that the affidavit-of-merit requirement is designed to guard against, i.e., "to deter the filing of frivolous medical-malpractice claims" in order "to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." At this point in the Durrani litigation,

Defendants are well aware that Plaintiffs' medical-malpractice claims against them are anything but frivolous.

**{¶17}** Durrani filed a motion asking the trial court to reconsider its February 18, 2025 decision. The motion argued that the trial court had failed to address Durrani's argument that there was no pending complaint to amend because the Dotsons' complaint had been dismissed.

**{¶18}** On March 17, 2025, the trial court issued an order that both denied Durrani's motion for reconsideration and vacated its July 29, 2024 judgment granting Durrani's motion for judgment on the pleadings. The court stated that the July 2024 judgment was never issued as a final, appealable order and therefore was an interlocutory order that was subject to revision. The court cited Civ.R. 54(B) in support.

**{¶19}** Durrani now appeals.

## II. Final, Appealable Order

**{¶20}** Before turning to Durrani's assignments of error, we briefly discuss our jurisdiction to hear this appeal. This court has jurisdiction to review final and appealable orders. Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02(C) and 2505.03(A).

**{¶21}** Durrani has appealed from the trial court's March 17, 2025 order that vacated its July 29, 2024 judgment granting Durrani's motion for judgment on the pleadings and dismissing the Dotsons' complaint without prejudice. R.C. 2505.02(B)(3) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is . . . [a]n order that vacates or sets aside a judgment or grants a new trial." Because the trial court's March 17, 2025 order vacated the July 29, 2024 judgment, it is a final, appealable order pursuant to R.C. 2505.02(B)(3).

### III. *Trial Court's Jurisdiction, or Lack Thereof, to Vacate Previous Dismissal Without Prejudice*

**{¶22}** In the first assignment of error, Durrani argues that the trial court erred in concluding that its July 29, 2024 judgment dismissing the Dotsons' complaint without prejudice was interlocutory and subject to revision.

**{¶23}** The trial court, in its March 17, 2025 order vacating the July 2024 judgment, cited to Civ.R. 54(B) and stated that the earlier decision "was never issued by this Court as a final, appealable order, and therefore, it is an interlocutory order that is 'subject to revision at any time before the entry of [final] judgment adjudicating all the claims and rights and liabilities of all the parties.'"

**{¶24}** To determine whether the July 29, 2024 judgment was an interlocutory order subject to revision, we examine the language used by the trial court in that judgment. It stated, "for the reasons set forth in Defendants' motion for JNOV, this Court rejects Plaintiffs' arguments and GRANTS Defendants' motion to dismiss Plaintiffs' complaint without prejudice."

**{¶25}** The trial court was correct in its assertion that the July 2024 judgment was not a final, appealable order. The judgment stated that the dismissal of the Dotsons' complaint was without prejudice. "Typically, a dismissal without prejudice is not a final, appealable order." *Parker v. Ford Motor, Co.*, 2019-Ohio-882, ¶ 7 (1st Dist.).

**{¶26}** A dismissal without prejudice was appropriate in this case because the dismissal was based on the Dotsons' failure to file an affidavit of merit. "A dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice." *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, paragraph two of

the syllabus. "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 8.

{¶27} Durrani contends that even though the dismissal was without prejudice, it was nonetheless a final, appealable order. Durrani cites *Parker* to argue that a dismissal without prejudice is a final and appealable order where a claim cannot be pled any differently to state a claim for relief. *See Parker* at ¶ 7. Durrani also directs us to *Ward v. Summa Health Sys.*, 2009-Ohio-4859, ¶ 5, 8 (9th Dist.), in which the Ninth District held that a dismissal without prejudice based on the failure to file an affidavit of merit was a final, appealable order. But *Ward* involved a unique set of circumstances and is distinguishable from the appeal before us.

{¶28} In *Ward*, plaintiffs' counsel provided an affidavit stating that plaintiffs were unable to file an expert affidavit of merit because the trial court's previous denial of their motion to compel left their expert without the necessary documents to review and therefore unable to complete the affidavit. *Id.* at ¶ 8. The Ninth District held that although the plaintiffs could technically refile their case, it would end in the same manner because they would remain unable to produce an affidavit of merit. *Id.* As a result, the court held, the trial court's order of dismissal was final and appealable. *Id.* Here, there is no allegation that the Dotsons were unable to produce an affidavit of merit. In fact, they did so during the litigation.

{¶29} Because the Dotsons remained able to refile their action with an affidavit of merit, the court's entry of dismissal without prejudice was not a final, appealable, order.

{¶30} But the fact that the trial court's judgment was not a final, appealable

10

order *did not* mean that the judgment was an interlocutory order subject to further revision or that the trial court retained jurisdiction over the case. The trial court rendered final judgment by dismissing the entire complaint without prejudice. Once it did so, the action was treated as if it had not been filed, and the trial court could take no further action. "A dismissal without prejudice divests the court of jurisdiction over the case." *Smiley v. Prison Official, Inc.*, 2014-Ohio-1100, ¶ 9 (4th Dist.); *see Coleman v. Showroom Transport.*, 2010-Ohio-1439, ¶ 13 (8th Dist.) ("A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." (Cleaned up.)).

{¶31} The trial court's reliance on Civ.R. 54(B) to conclude that its July 2024 judgment was interlocutory and subject to revision was misplaced. Civ.R. 54(B) provides in relevant part that

> [i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶32} Civ.R. 54(B) had no applicability in this case, as the trial court's judgment did not adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties." The claims against UC Health and West Chester Hospital had been voluntarily dismissed with prejudice. And in dismissing the complaint without prejudice, the trial court resolved all claims asserted against the remaining defendants, Dr. Durrani and CAST.

**{¶33}** Having entered a final judgment dismissing the complaint without prejudice, the trial court lacked jurisdiction to reconsider and vacate that judgment on its own motion. *See Smiley*, 2014-Ohio-1100, at ¶ 9 (4th Dist.). We accordingly hold that the trial court erred in sua sponte vacating its July 2024 judgment dismissing the Dotsons' complaint without prejudice. The first assignment of error is sustained.

**{¶34}** Our resolution of this assignment of error renders moot the second assignment of error, in which Durrani argues that the trial court abused its discretion by granting the Dotsons' motion to amend their complaint after dismissal, and we decline to address it. *See* App.R. 12(A)(1)(c); *State v. Gideon*, 2020-Ohio-6961, ¶ 26 ("[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court.").

### *IV. Conclusion*

**{¶35}** After granting Durrani's motion for judgment on the pleadings and dismissing the Dotsons' complaint without prejudice for failure to file an affidavit of merit, the trial court lacked jurisdiction to reconsider or vacate that final judgment on its own motion. The trial court's March 17, 2025 order vacating its July 2024 judgment granting Durrani's motion for judgment on the pleadings is therefore vacated.

Judgment vacated.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.